1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POP TOP CORP, | Case No. 20-cv-04482-DMR |
| Plaintiff, | |
| v. | ORDER ON DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS |
| RAKUTEN KOBO INC., | Re: Dkt. No. 61 |
| Defendant. | |

Plaintiff Pop Top Corp. ("Pop Top") sued Defendant Rakuten Kobo Inc. ("Kobo") for patent infringement, alleging that the Kobo App, an eReader software application for reading eBooks, infringed U.S. Patent No. 7,966,623 ("the '623 patent"). On June 25, 2021, the court granted summary judgment of non-infringement. [Docket No. 50.] Kobo now moves for an award of attorneys' fees and non-taxable costs under 35 U.S.C. § 285 and the court's inherent authority. It also asks the court to hold Pop Top's counsel personally liable for fees and costs pursuant to 28 U.S.C. § 1927. [Docket No. 61.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is granted in part and denied in part.

## I.     BACKGROUND

### A.     The '623 Patent

The '623 patent is titled "Method and Apparatus for Enabling Highlighter Services for Visitors to Web Pages." Compl. Ex. 1 ('623 Patent). In order to address shortcomings in existing methods of saving and sharing content, the '623 patent discloses "[a] method for invoking a highlighting service to operate with a web page." *Id.* at 1:33-2:53, 2:57-58. It explains that "the basic function of the highlighting service is to enable a user to highlight an object (e.g., text, graphical images, or a combination) of the web page such that the highlighted portion(s) can easily

1  be recalled at a later time and/or shared with other users."  *Id*. at 5:21-25.

2      The '623 patent contains one claim, which sets forth a specific computer-implemented

3  method to provide the ability to highlight an "internet document," and describes a sequence of

4  steps.  In relevant part, the method comprises the following:

> at a content server, receiving a request for an internet document from a client web browser; serving the internet document from the content server to the client web browser, *wherein the internet document includes code for invoking a highlighting service to operate with the internet document*, the highlighting service hosted at a highlighting service server which is different than the content server hosting the internet document and the code causing a user interface object for invoking the highlighting service to be displayed by the client web browser in connection with the internet document . . .

'623 Patent at 8:22-33 (emphasis added).

**B.      Litigation History**

Pop Top filed this lawsuit on July 7, 2020 asserting that Kobo infringed claim 1 of the '623 patent via the Kobo App.  It alleged that the Kobo App "facilitates the download of a book to the user device, *A Tale of Two Cities*.  The book running on the App is an internet document.  The book is served to the user device with executable code to invoke a highlighting service" and "[t]he App includes a web portal or tool, which allows the reader of *A Tale of Two Cities* to highlight portions of the text."  Compl. ¶ 14.

Shortly after Pop Top filed its complaint, Kobo's counsel began corresponding with Pop Top's counsel regarding the merits of the patent infringement allegations.  Kobo disputed several aspects of the Kobo App's alleged infringement of claim 1 of the '623 patent and asked Pop Top to dismiss its complaint.  On August 10, 2021, defense counsel explained that even assuming that "the books provided through the Kobo App were 'internet documents'" within the meaning of claim one, the eBooks "are *not* provided with—nor do they include—*any* executable code, let alone 'code for invoking a highlighting service.'  Instead, the code for highlighting content in a book is included in the Kobo App itself and is common to all books."  [Docket No. 61-1 (Raskin Decl. Jul. 13, 2021) ¶ 4, Ex. 2 (emphasis in original).]  In response, Pop Top's counsel disputed the assertion that claim 1 "require[s] 'executable code,'" directly contradicting its own allegation in the complaint that "[t]he book is served to the user device with executable code to invoke a

United States District Court
Northern District of California

2

highlighting service." Raskin Decl. ¶ 5, Ex. 3; Compl. ¶ 14.

Defense counsel sent five more letters and emails to Pop Top's counsel through October 2020, each time disputing that the eBooks provided through the Kobo App contain "code for invoking a highlighting service," among other things. Raskin Decl. ¶¶ 6, 10, 11, 13, 14; Exs. 4, 8, 9, 11, 12. In these communications, Kobo's counsel produced a copy of the complete eBook file, including source code, for the book identified in the complaint, *A Tale of Two Cities*, and made available for Pop Top's inspection the eBook file for *Win Bigly*, a second book that Pop Top's counsel had identified in correspondence. Raskin Decl. ¶¶ 7, 9, 10, Exs. 5, 9, 10. Defense counsel explained that Kobo was providing the eBooks so that Pop Top "and [its] expert can confirm that neither includes any 'code for invoking a highlighting service.'" Raskin Decl. Ex. 8. In response, Pop Top's counsel identified a JavaScript file in *A Tale of Two Cities* as "contain[ing] code to invoke various [unspecified] Kobo services" and stated, "our discovery will focus on Kobo ebooks that are capable of invoking the highlighting service." Raskin Decl. ¶ 10, Ex. 10.[1] Kobo responded that the JavaScript file "does not contain *any* function having *anything* to do with highlighting" and that the JavaScript file instead pertained to functions such as page count, pagination, progress, font size, and night reading. Raskin Decl. ¶ 11, Ex. 11 (emphasis in original).

In preparation for the October 7, 2020 initial case management conference, Kobo requested leave to file an early summary judgment motion of non-infringement. The parties agreed to limit discovery to what was needed by Pop Top to oppose the early summary judgment motion. [Docket No. 21 (Joint CMC Statement) 2, 3.] *See also* Raskin Decl. ¶ 8. They jointly proposed an October 21, 2020 deadline by which Pop Top would serve its Patent Local Rules 3-1 and 3-2 disclosures and document production, as well as a briefing schedule for the motion. Joint CMC Statement 5-6. Under the proposed briefing schedule, Pop Top had over two months in which to file its opposition to the motion for summary judgment. Defense counsel states that the purpose of giving Pop Top an extended opposition period was to accommodate any discovery Pop Top

---

[1] Pop Top never inspected the second book. *Pop Top Corp. v. Rakuten Kobo Inc.*, No. 20-CV-04482-DMR, 2021 WL 2633479, at *4 (N.D. Cal. June 25, 2021).

United States District Court
Northern District of California

1    needed to conduct to oppose the motion.  Raskin Decl. ¶ 8.  At the initial case management

2    conference, the court granted Kobo leave to file an early summary judgment motion of non-

3    infringement and adopted the parties' jointly proposed schedule.  [Docket No. 26.]

4          Kobo timely filed its motion in which it asked the court to grant summary judgment of

5    non-infringement on the ground that four limitations in claim 1 are not found in the Kobo App.  It

6    asserted that no claim construction was necessary to evaluate non-infringement.  Pop Top opposed

7    the motion.  It was "silent on whether the court must construe any claim terms in order to decide

8    the motion," arguing instead that Kobo "made up out of whole cloth" the four purported claim

9    limitations and that there were numerous factual disputes as to the claim requirements.  *Pop Top*,

10   2021 WL 2633479, at *3.

11         On June 25, 2021, following a hearing, the court granted Kobo's motion for summary

12   judgment on non-infringement, holding that Pop Top "utterly fail[ed]" to show a dispute of

13   material fact on the first limitation, that is, whether the eBooks delivered to the Kobo App

14   "include[ ] code for invoking a highlighting service to operate with the internet document[.]"  *Id*.

15   at *4.  The court found that "Kobo submitted affirmative unrebutted evidence that its eBooks do

16   not include 'code for invoking a highlighting service'"; that Pop Top had not identified "code for

17   invoking a highlighting service" in the "internet document"; and that its October 2020

18   infringement contentions were "vague on this point."  *Id*.  The court noted that Pop Top had

19   "engage[d] in distraction" by mischaracterizing Kobo's argument as requiring that "the served

20   internet document . . . include *all* code necessary to highlight the served internet document."  The

21   court held that this "blatantly misconstrue[d] Kobo's position," which was "that the claim requires

22   the internet document to 'include[ ] code for invoking a highlighting service."  *Id.*  at *5.  The

23   court found that the undisputed evidence demonstrated "that the eBooks for the Kobo App do not

24   include any such code."  *Id*.

25         Notably, Pop Top did not submit any evidence in opposition to Kobo's summary judgment

26   motion.  Pop Top also admitted that it had conducted no discovery.[2]

27

28   [2] Pop Top initially argued that the court should deny summary judgment on the ground that Pop
     Top was "entitled to explore infringement of claim 1 on a complete record after fact and expert

United States District Court
Northern District of California

United States District Court
Northern District of California

1    The court also rejected Pop Top's attempt to offer two new theories regarding how the

2    eBooks include "code for invoking a highlighting service," neither of which had been disclosed in

3    its infringement contentions.[3]  *Id*. at *5-6.  Finding that Pop Top had made no effort to show good

4    cause to amend its infringement contentions to disclose the new theories and thus could not rely

5    on them, the court nonetheless concluded that both were meritless.  Neither theory raised a

6    material dispute of fact as to whether the Kobo App meets the limitation that "the internet

7    document includes code for invoking a highlighting service to operate with the internet

8    document."  *Id*.

9        The court concluded that Pop Top's failure to identify a dispute of fact regarding the first

10   limitation was fatal to its infringement claim.  *Id*. at *6; *see TechSearch, L.L.C. v. Intel Corp.*, 286

11   F.3d 1360, 1371 (Fed. Cir. 2002) ("To establish literal infringement, all of the elements of the

12   claim, as correctly construed, must be present in the accused system.").

13       The court entered judgment for Kobo on June 25, 2021.  [Docket No. 54.]  Kobo filed its

14   motion for attorneys' fees and non-taxable costs 14 days later, on July 9, 2021.  The Clerk's

15   Office issued an electronic filing error on July 13, 2021 directing Kobo to re-file its motion

16   because Kobo had not properly noticed the motion for hearing pursuant to the Local Rules.  Kobo

17   refiled the motion the same day.  [Docket No. 61.]  Kobo requests an award of $274,741.43 in

18   attorneys' fees under 28 U.S.C. § 285 and non-taxable expenses of $15,675.00 pursuant to the

19   court's inherent power.  It also asks the court to hold Pop Top's counsel jointly liable for Kobo's

20   fees under 28 U.S.C. § 1927.  Pop Top opposes.  [Docket No. 70.]

21   **II.     LEGAL STANDARD**

22       The Patent Act authorizes courts to award attorneys' fees in patent litigation.  It provides

23   that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."

24   28 U.S.C. § 285.  An exceptional case "stands out from others with respect to the substantive

25   _____

26   discovery," and requested discovery under Rule 56(d).  *Pop Top*, 2021 WL 2633479, at *3 n.3.  At
     the hearing, Pop Top withdrew its Rule 56(d) request after admitting that it had not conducted any
27   discovery to date.  *Id*.

28   [3] Pop Top raised one of the new theories in its opposition brief, and the other at the hearing on the
     motion.

strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).  The determination of whether a case is exceptional is committed to the court's sound discretion, and courts may determine whether a case is "exceptional" by considering the totality of the circumstances.  *Id.*  Factors courts may consider include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  *Id.* at 554 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)).  A party must establish its entitlement to attorneys' fees under section 285 by a preponderance of the evidence.  *Id.* at 557.

Courts do not award attorneys' fees "as a penalty for failure to win a patent infringement suit."  *Id.* at 548 (quoting *Park–In–Theatres, Inc. v. Perkins*, 190 F.2d 137, 142 (9th Cir. 1951)). Rather, "[t]he legislative purpose behind § 285 is to prevent a party from suffering a 'gross injustice.'"  *Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 858 F.3d 1371, 1376 (Fed. Cir. 2017).

### III.    DISCUSSION

As an initial matter, Pop Top argues that Kobo's motion was untimely under Civil Local Rule 54-5(a) and should be denied on that basis.  Rule 54-5(a) provides that motions for awards of attorneys' fees "must be served and filed within 14 days of entry of judgment by the District Court, unless otherwise ordered by the Court . . ."  Here, the court entered judgment on June 25, 2021.  Any motion for attorneys' fees was due 14 days later on July 9, 2021.  As noted above, Kobo filed its motion for attorneys' fees and non-taxable costs on July 9, 2021.  However, due to Kobo's failure to select a hearing date on the court's electronic filing system, the Clerk's Office issued a notice of electronic filing error on July 13, 2021 directing Kobo to re-file its motion. Kobo promptly refiled the motion the same day.  [Docket No. 61.]  Under these circumstances, where Kobo timely filed the motion but was directed to re-file it several days later due to an electronic filing error, the court finds that the motion was timely filed and will consider its merits.

Kobo asks the court for an award of attorneys' fees under 28 U.S.C. § 285 and non-taxable expenses pursuant to the court's inherent power.  It also asks the court to hold Pop Top's counsel

jointly liable for Kobo's fees under 28 U.S.C. § 1927.

**A. 28 U.S.C. § 285**

It is undisputed that Kobo is the prevailing party. Kobo offers two independent bases for an award of attorneys' fees pursuant to section 285. It asserts that (1) Pop Top's infringement claim was baseless; and (2) Pop Top litigated the case in an objectively unreasonable manner.

As noted, an exceptional case is one that "stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated." *Octane Fitness*, 572 U.S. at 554. With respect to Kobo's first basis for a fee award, "courts in this district tend to award fees" based on the strength or weakness of a party's litigation position "when a plaintiff persists with a clearly untenable claim, or adduces no evidence in support of its position." *Location Based Servs., LLC v. Niantic, Inc.*, No. 17-cv-04413 NC, 2018 WL 7569160, at *1 (N.D. Cal. Feb. 16, 2018) (collecting cases); *see, e.g., Kilopass Tech. Inc. v. Sidense Corp.*, No. C 10-02066 SI, 2014 WL 3956703, at *14 (N.D. Cal. Aug. 12, 2014) (finding all three infringement theories relied on in litigation "were objectively baseless because none of them took into account the size difference between the accused technology and the claimed invention").

In this case, the record establishes that Pop Top never advanced factual support for its position that the Kobo App infringed claim 1 of the '623 patent. After Pop Top filed the complaint, Kobo almost immediately disputed several aspects of the Kobo App's alleged infringement of claim 1, including the complaint's allegation that the exemplar eBook running on the Kobo App "is served to the user device with executable code to invoke a highlighting service." *See* Compl. ¶ 14. Kobo repeatedly set forth its position and asked Pop Top for evidence supporting its claim that eBooks included such code. It provided Pop Top with a copy of the complete source file for the book identified in the complaint so that Pop Top could confirm that it did not include "code for invoking a highlighting service." It made a second eBook available for inspection after the book was identified by Pop Top's counsel. Instead of providing evidence supporting its infringement claims, Pop Top litigated the case by responding with a series of everchanging infringement positions, including one offered for the first time in its opposition brief

1   and another at the hearing on Kobo's motion for summary judgment.  *See Pop Top*, 2021 WL

2   2633479, at *5, 6.  At the end of the day, Pop Top never offered evidence supporting its claim that

3   the eBooks delivered to the Kobo App include "code for invoking a highlighting service."

4            In its opposition to this motion, Pop Top rehashes its position that "Kobo's summary

5   judgment argument was based on the false premise that 'code for invoking a highlighting service'

6   is 'code that executes highlighting functionality on the internet document.'"  Opp'n 14.  Pop Top

7   contends that it "asked the court to construe 'code for invoking' to mean *leads to highlighting*,"

8   but that the court never construed the term or any other terms in claim 1.  Instead, according to

9   Pop Top, the court adopted Kobo's position "that the eBook must include the code that in fact

10  highlights the eBook."  *Id*. at 15, 17, 20 (emphasis added).

11           To escape liability for fees, Pop Top argues that this is not a situation where it persisted

12  with litigation "notwithstanding a negative claim-construction order" and the case is thus not

13  exceptional.  *Id*. at 15 (citing *In re PersonalWeb Techs., LLC et al., Pat. Litig.*, No. 18-MD-02834-

14  BLF, 2020 WL 5910080, at *13 (N.D. Cal. Oct. 6, 2020) (finding that plaintiff's "attempt to work

15  around the Court's claim construction ruling was egregious and exceptional," including directing

16  its expert "to base his infringement opinions on a substitute claim construction preferred by [the

17  plaintiff]" and awarding fees under section 285)).[4]  Pop Top claims that it "has remained

18  consistent alleging in good faith that Kobo serves eBooks that include code for invoking the

19  highlighting service."  Opp'n 20.

20           Pop Top once again "engages in distraction" and "blatantly misconstrues" Kobo's position,

21  as well as this court's order granting summary judgment.  *See Pop Top*, 2021 WL 2633479, at *5.

22  The court did not construe the claim to mean that the internet document must "include all code

23  necessary to highlight the served internet document."  In fact, Kobo did not advance such a

24  construction.  Rather, Kobo presented unrebutted evidence that the eBooks for the Kobo App

25

26  _____

[4] Contrary to Pop Top's position, a "negative claim-construction order" is not required to find that
27  a case is exceptional under section 285.  *See Octane Fitness*, 572 U.S. at 554 (explaining that
    "[t]here is no precise rule or formula for making these determinations" and that courts "may
28  determine whether a case is 'exceptional' in the case-by-case exercise of their discretion,
    considering the totality of the circumstances.").

1    include no "code for *invoking* a highlighting service." *Id*. (emphasis added).

2         Pop Top now contends that its position at summary judgment "construed 'code for

3    invoking' as *code that leads to highlighting based on user interaction with the eBook*[.]"  Opp'n

4    13 (emphasis added).  This is incorrect.  Pop Top never advanced such a construction.  Instead, it

5    argued that "[t]he code included in the internet document that the content server in claim 1 serves

6    need only lead to the invocation of the highlighting service."[5]  [Docket No. 39-3 at ECF p. 14.]

7    The court applied this language exactly as Pop Top asked it to do, granting summary judgment

8    based on Kobo's undisputed, unrebutted evidence that the eBooks do not contain any "code for

9    invoking a highlighting service." *See Pop Top*, 2021 WL 2633479, at *4-6.

10        More importantly, Pop Top has never identified any "code for invoking the highlighting

11   service" on the eBook—not in response to Kobo's numerous requests to do so after it filed this

12   lawsuit, not in its summary judgment briefing, not in response to the court's questioning at the

13   hearing on the motion for summary judgment, and not in its briefing on the current motion.  *See*

14   Hr'g Tr. at 6, 7, 9, 10, 11, 15, 16 ("You have to point me to code that invokes.  But you still

15   haven't pointed to code in the eBook that invokes."), 17 ("Where is the code in the eBook? . . .

16   You haven't yet shown me any code from the eBook."), 19, 31.  Simply put, whether "code for

17   invoking" should be construed as code that "lead[s] to the invocation of the highlighting service"

18   or code "that leads to highlighting based on user interaction with the eBook," Pop Top still does

19   not identify any specific code within the eBook.  Pop Top had ample opportunity to examine

20   Kobo's eBooks including the embedded source code.  Pop Top's failure to offer any evidence that

21   the "code for invoking" limitation is present in Kobo's eBooks under any theory, or to conduct

22   any discovery regarding the same demonstrates the unreasonableness of Pop Top's infringement

23   position.  "Failing to develop any evidence to support an infringement position 'stands out from

24   others with respect to the substantive strength of a party's litigating position.'"  *IPVX Pat.*

25   *Holdings, Inc. v. Voxernet LLC*, No. 5:13-CV-01708 HRL, 2014 WL 5795545, at *5 (N.D. Cal.

26

27   _____

[5] At the hearing, the court noted that Pop Top had not "offer[ed] any claim construction, any
response to the potential claim construction of 'highlighting service,' and any argument that claim
28   construction was somehow needed."  [Docket No. 49 (Hr'g Tr., May 27, 2021) at 4.]  Pop Top did
not dispute this and did not propose any constructions in response. *See id*. at 4-8.

United States District Court
Northern District of California

Nov. 6, 2014) (quoting *Octane Fitness*, 572 U.S. at 554) (finding plaintiff's litigation position on infringement was unreasonable where it presented no evidence that the accused product met a claim limitation at summary judgment and awarding attorneys' fees).

Considering the totality of the circumstances, the court concludes that this case is "one that stands out from the others" with respect to the objective unreasonableness and substantive weakness of Pop Top's litigating position. *Octane Fitness*, 572 U.S. at 554. Accordingly, an award of fees under section 285 on that basis is appropriate.

Kobo's second argument is that Pop Top litigated the case in an objectively unreasonable manner. Courts that have awarded attorneys' fees due to the losing party's unreasonable manner of litigation generally have pointed to egregious behavior. *See Vasudevan Software, Inc. v. Microstrategy, Inc.*, No. 11-cv-06637-RS, 2015 WL 4940635, at *5 (N.D. Cal. Aug. 19, 2015) (collecting cases). "A party that mars the proceedings with multiple bad acts more easily crosses the threshold of exceptionality." *Location Based Servs.*, 2018 WL 7569160, at *1. Kobo argues that Pop Top litigated the case in an unreasonable manner because it "failed to diligently pursue discovery in order to confirm that its infringement theories had merit." Mot. 13-14 (citing *Smart Wearable Techs. Inc. v. Fitbit Inc.*, No. 17-CV-05068-VC, 2018 WL 3201751, at *1 (N.D. Cal. June 27, 2018) (awarding fees under Section 285 for "plainly irresponsible and frivolous" conduct in litigation)).

Courts have treated the failure to pursue discovery as pertinent to examining the substantive strength of a claim and not to whether a party litigated the case in an "objectively unreasonable manner." *See, e.g., Logic Devices, Inc. v. Apple Inc.*, No. C 13-02943 WHA, 2014 WL 6844821, at *4 (N.D. Cal. Dec. 4, 2014) (finding case exceptional "with respect to the substantive strength of [the plaintiff's] litigation position" where it was "unsupported by the record" and the plaintiff "took zero depositions and 'little discovery'"); *IPVX*, 2014 WL 5795545, at *5 (finding plaintiff's substantive positions were unreasonable where it "failed to present any evidence to support" its position at summary judgment). In contrast, "egregious behavior" supporting an award for litigation misconduct "generally involves unethical or unprofessional conduct by a party or his attorneys during the course of adjudicative proceedings." *Pac. Coast*

United States District Court
Northern District of California

10

1    *Bldg. Prod., Inc. v. CertainTeed Gypsum, Inc.*, No. 18-CV-00346-LHK, 2021 WL 75755, at *4

2    (N.D. Cal. Jan. 7, 2021) (denying request for fees based on purported misrepresentations to the

3    court, USPTO and others that did not rise to the level of "egregious behavior" (quotation marks

4    and citations omitted)); *see also Kilopass*, 2014 WL 3956703, at *6, 14 (finding plaintiff litigated

5    in an unreasonable manner in part because of "conduct that at times amounted to gamesmanship,"

6    including taking a position before the PTO's Board of Patent Appeals and Interferences that "was

7    clearly irreconcilable" with the position it took in court).

8         Here, Kobo has not shown that Pop Top engaged in "egregious behavior" in litigating this

9    case.  Nevertheless, for the reasons discussed above, the court finds that Pop Top's failure to

10    identify evidence supporting its argument or to conduct any discovery during this litigation

11    demonstrates that this case is exceptional due to the substantive weakness of Pop Top's claims and

12    supports an award of fees under section 285 on that basis.

13         **B.    Pop Top's Counsel's Liability for Fees Under 28 U.S.C. § 1927**

14         Kobo next asks the court to hold Pop Top and its counsel jointly liable for Kobo's fees

15    under 28 U.S.C. § 1927.  Mot. 14-16.

16         Section 1927 allows a court to order an attorney who "so multiplies the proceedings in any

17    case unreasonably and vexatiously" to personally satisfy "the excess costs, expenses, and

18    attorneys' fees reasonably incurred because of" their conduct.  28 U.S.C. § 1927.  The imposition

19    of section 1927 sanctions "must be supported by a finding of subjective bad faith," which "is

20    present when an attorney knowingly or recklessly raises a frivolous argument, or argues a

21    meritorious claim for the purpose of harassing an opponent."  *In re Keegan Mgmt. Co., Sec. Litig.*,

22    78 F.3d 431, 435 (9th Cir. 1996) (quotation marks and citations omitted).  "Because the section

23    authorizes sanctions only for the 'multipli[cation of] proceedings,' it applies only to unnecessary

24    filings and tactics once a lawsuit has begun . . . § 1927 cannot be applied to an initial pleading."

25    *Id*.

26         Kobo contends that counsel should be personally liable for its fees under section 1927,

27    arguing that "[t]his lawsuit should never have been brought" and "should have been dismissed

28    from the outset of the proceedings."  Mot. 15.  According to Kobo, Pop Top's counsel was given

United States District Court
Northern District of California

United States District Court
Northern District of California

1    numerous opportunities to dismiss the suit but responded with "ever-shifting, baseless

2    infringement theories" and ultimately failed to gather evidence to oppose Kobo's motion for

3    summary judgment, forcing Kobo to "needlessly expend time and money." *Id.* However, Kobo

4    provides no evidence demonstrating that after filing the complaint, Pop Top's counsel engaged in

5    "unnecessary filings and tactics" that were made with subjective bad faith. As counsel's actions

6    do not meet the requisite standard under section 1927, the court denies Kobo's motion to hold Pop

7    Top's counsel personally liable for awarding attorneys' fees.

8               **C.**      **Kobo's Expert Fees**

9        Kobo asks the court to exercise its inherent power in awarding non-taxable expenses of

10    $15,675.00, which is the cost of Kobo's expert witness fees. Mot. 19.

11        "Section 285 allows a district court to award attorney's fees for exceptional conduct, but

12    the statute has been read to exclude expert witness fees." *Finjan, Inc. v. Juniper Networks, Inc.*,

13    No. C 17-05659 WHA, 2021 WL 3140716, at *3 (N.D. Cal. July 26, 2021) (citing *Amsted Indus.,*

14    *Inc. v. Buckeye Steel Castings Co.*, 23 F.3d 374, 377 (Fed. Cir. 1994)). However, "a district court

15    may invoke its inherent power to impose sanctions in the form of reasonable expert fees in excess

16    of what is provided for by statute." *Takeda Chem. Indus., Ltd. v. Mylan Lab'ys, Inc.*, 549 F.3d

17    1381, 1391 (Fed. Cir. 2008). "The use of this inherent power is reserved for cases with 'a finding

18    of fraud or abuse of the judicial process,'" *id.* (quoting *Amsted*, 23 F.3d at 378), including "cases

19    involving bad faith that cannot be otherwise reached by rules or statutes." *Id.* (citing *Chambers v.*

20    *NASCO, Inc.*, 501 U.S. 32, 46 (1991)). "[N]ot every case that qualifies as exceptional under § 285

21    will also qualify for sanctions under the court's inherent power." *MarcTec, LLC v. Johnson &*

22    *Johnson*, 664 F.3d 907, 921 (Fed. Cir. 2012) (citing *Amsted*, 23 F.3d at 378).

23        Kobo argues that it is entitled to the expert witness fees under the court's inherent power

24    for largely the same reasons that it seeks fees under section 285; namely, that Pop Top proceeded

25    with multiple infringement theories even after receiving a copy of an eBook that "proved that

26    Kobo did not infringe the asserted patent," which forced Kobo to retain an expert witness to

27    disprove the theories. Mot. 19. Use of the court's inherent authority to impose sanctions "is

28    reserved for cases where the district court makes a 'finding of fraud or bad faith whereby the 'very

temple of justice has been defiled.'"  *MarcTec*, 664 F.3d at 921 (quoting *Amsted*, 23 F.3d at 378

(quoting *Chambers,* 501 U.S. at 46)).  As Kobo has not established fraud or the requisite bad faith,

the court "enjoys no discretion to employ inherent powers to impose sanctions" in the form of

Kobo's expert witness fees.  *See Amsted*, 23 F.3d at 378.

### D.    Amount of Attorneys' Fees

Kobo requests an award of its full fees and submits a declaration in support of the

requested amount of $274,721.43.  Raskin Decl. ¶¶ 18-29.  Pop Top did not object to the

reasonableness of the hours expended or the requested hourly rates and has therefore waived any

challenges to the amount of the fee award.  The court nevertheless must independently assess

whether the fee request is reasonable.

Counsel's declaration cites Civil Local Rule 54-5(b)(2), which provides that a motion for

attorneys' fees must include a declaration containing "[a] statement of the services rendered by

each person for whose services fees are claimed, together with a summary of the time spent by

each person, and a statement describing the manner in which time records were maintained."  *Id*.

at ¶ 18.  However, the description of the services rendered by each attorney is so general that the

court is unable to determine if the time spent was "excessive, redundant, or otherwise

unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  *See* Raskin Decl. ¶ 22.  For

example, the court is unable to analyze whether counsel billed for excessive meetings or

administrative tasks or whether there was any duplication of work by the attorneys who worked on

the case.  Counsel's declaration provides minimal details about his exercise of billing judgment.

*See id*. at ¶¶ 27, 28.  Accordingly, by no later than February 11, 2022, Kobo shall submit an

abstract of the contemporary time records along with a supplemental declaration by counsel

explaining in detail whether counsel exercised billing judgment with respect to the time records,

and if so, how.  *See* Civ. L.R. 54-5(b)(2) (providing that a court may "require production of an

abstract of or the contemporary time records for inspection, including in camera inspection" in

connection with fee motions).  The court will take the matter of the amount of Kobo's attorneys'

fees award under submission upon receipt of the abstract and supplemental declaration.

United States District Court
Northern District of California

13

## IV.    CONCLUSION

For the foregoing reasons, Kobo's motion for an award of attorneys' fees and non-taxable costs is granted in part and denied in part.

**IT IS SO ORDERED.**

Dated: January 28, 2022



Donna M. Ryu
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California