UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POP TOP CORP,<br><br>    Plaintiff,<br><br>v.<br><br>RAKUTEN KOBO INC.,<br><br>    Defendant. | Case No. 20-cv-04482-DMR<br><br>**ORDER AWARDING ATTORNEYS' FEES**<br><br>Re: Dkt. Nos. 61, 76 |

Defendant Rakuten Kobo Inc. ("Kobo") filed a motion for an award of attorneys' fees and non-taxable expenses pursuant to the Patent Act, 35 U.S.C. § 285, and the court's inherent authority. [Docket No. 61.] In a prior order, the court granted Kobo's fee motion in part, finding that Kobo had established that an award of fees under section 285 was appropriate but that the court was unable to determine the amount of the award on the existing record. [Docket No. 74 (Jan. 28, 2022 Order).] The court ordered Kobo to submit evidence supporting its request, and Kobo timely submitted the supplemental evidence. [Docket No. 76.]

This order sets forth the amount of the attorneys' fees that the court awards Kobo in accordance with its January 28, 2022 Order. This matter is suitable for decision without a hearing. Civ. L.R. 7-1(b).

**I.      BACKGROUND**

A detailed history of this litigation is set forth in the prior order on attorneys' fees and is not repeated here. *Pop Top Corp. v. Rakuten Kobo Inc.*, No. 20-CV-04482-DMR, 2022 WL 267407, at *1-3 (N.D. Cal. Jan. 28, 2022).

Kobo was granted summary judgment of noninfringement on June 25, 2021 and subsequently filed its motion for attorneys' fees and non-taxable costs. [Docket No. 61.] Kobo requested an award of $274,741.43 in attorneys' fees under the Patent Act, 28 U.S.C. § 285, which

provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." It also requested an award of non-taxable expenses of $15,675.00 pursuant to the court's inherent power and asked the court to hold Pop Top's counsel jointly liable for Kobo's fees under 28 U.S.C. § 1927. Pop Top opposed the motion. On January 28, 2022, the court granted the motion in part and denied it in part, holding that "Pop Top's failure to identify evidence supporting its argument or to conduct any discovery during this litigation demonstrates that this case is exceptional due to the substantive weakness of Pop Top's claims" and that an award of attorneys' fees pursuant to section 285 was warranted on that basis. *Pop Top*, 2022 WL 267407, at *6; *see Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014) (holding that an exceptional case "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated."). Kobo's requests to hold Pop Top and its counsel jointly liable for Kobo's attorneys' fees and for an award of non-taxable expert witness fees were denied. *Pop Top*, 2022 WL 267407, at *7-8.

Kobo submitted a declaration in support of the requested amount of $274,721.43. [Docket No. 61-1 (1st Raskin Decl., Jul. 13, 2020) ¶¶ 18-29.] As Pop Top did not object to the reasonableness of the hours expended or the requested hourly rates, it "waived any challenges to the amount of the fee award." *Pop Top*, 2022 WL 267407, at *8. However, the court was unable to determine the amount of a reasonable fee award on the existing record due to the overly generalized description of the work performed by the attorneys:

> Counsel's declaration cites Civil Local Rule 54-5(b)(2), which provides that a motion for attorneys' fees must include a declaration containing "[a] statement of the services rendered by each person for whose services fees are claimed, together with a summary of the time spent by each person, and a statement describing the manner in which time records were maintained." *Id.* at ¶ 18. However, the description of the services rendered by each attorney is so general that the court is unable to determine if the time spent was "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). For example, the court is unable to analyze whether counsel billed for excessive meetings or administrative tasks or whether there was any duplication of work by the attorneys who worked on the case. Counsel's declaration provides minimal details about his exercise of billing judgment. *See id.* at ¶¶ 27, 28.

2

*Id.* (internal citation omitted).  Kobo was directed to submit supplemental evidence in support of its request for attorneys' fees, including "an abstract of the contemporary time records along with a supplemental declaration by counsel explaining in detail whether counsel exercised billing judgment with respect to the time records, and if so, how." *Id.* (citing Civ. L.R. 54-5(b)(2) (providing that a court may "require production of an abstract of or the contemporary time records for inspection, including in camera inspection" in connection with fee motions)).

Kobo timely filed the supplemental evidence.  [Docket No. 76 (Raskin Decl., Feb. 10, 2022).]  It also lodged contemporary time records for in camera review.

## II.     ATTORNEYS' FEES

A court determines reasonable attorneys' fees according to the lodestar analysis, which multiplies the number of hours reasonably expended on the matter by a reasonable hourly rate. *Hensley*, 461 U.S. at 433; *Jordan v. Multnomah Cty.*, 815 F.2d 1258, 1262 (9th Cir. 1987).  The party seeking fees bears the initial burden of establishing the hours expended litigating the case and must provide detailed time records documenting the tasks completed and the amount of time spent.  *Hensley*, 461 U.S. at 434; *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945–46 (9th Cir. 2007).  The requesting party also has the burden to demonstrate that the rates requested are "in line with the prevailing market rate of the relevant community." *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006) (internal quotation marks and citation omitted).  Generally, "the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (citations omitted).  Typically, "affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

Fee awards calculated under the lodestar method generally are presumed to be reasonable. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1208-09 (9th Cir. 2013).  At the same time, the court may adjust this figure "if circumstances warrant" in order "to account for other factors which are not subsumed within it." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001).  The court "should . . . exclude from the lodestar fee calculation any hours that were not

'reasonably expended,' such as hours that are excessive, redundant, or otherwise unnecessary." *Rodriguez v. Barrita, Inc.*, 53 F. Supp. 3d 1268, 1281 (N.D. Cal. 2014) (quoting *Hensley*, 461 U.S. at 433-34). In addition, the Ninth Circuit has stated that a district court may "impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

Kobo seeks attorneys' fees of $297,956.43. According to counsel, this amount is higher than the sum requested in Kobo's opening brief ($274,721.43) because it includes "time spent by counsel finalizing and filing the opening brief, [and] time spent on the reply brief." Raskin Decl. ¶ 6.

### A.     Reasonable Hourly Rate

Kobo seeks fees for work performed by four timekeepers at Greenberg Traurig, LLP: attorneys Joshua Raskin, Justin MacLean, Vimal Kapadia, and Katie Albanese. 1st Raskin Decl. ¶ 22.

Raskin's hourly rate for work performed on this case is $866.44, which he states is a 15% discount from his standard hourly rate. Raskin, who is the managing litigation partner on this case, graduated from law school in 1996 and has been practicing patent and intellectual property law for approximately 25 years. He is a shareholder at Greenberg Traurig. MacLean's hourly billing rate on this case is $632.29, which is a 15% discount from his standard hourly rate. He graduated from law school in 2008 and has practiced in the areas of patent and copyright law for 13 years. He is a shareholder at Greenberg Traurig and had primary responsibility for drafting and editing of memoranda, briefs, and other filings in this case. *Id*. Senior associate Kapadia's hourly billing rate on this case is $538.96, which is a 15% discount from his standard hourly rate. Kapadia graduated from law school in 2012 and has practiced patent law for nine years. Finally, Albanese's hourly billing rate on this case is $465.75, which is a 15% discount from her standard hourly rate. Albanese is a junior associate; she graduated from law school in 2019 and has practiced patent law since then. *Id*.

After reviewing the supporting declaration and considering the experience of counsel, their professional qualifications, and the nature of their responsibilities in this matter, the court finds

that the requested hourly rates of $866.44, $632.29, $538.96, and $465.75 are reasonable.  *See* 1st Raskin Decl. ¶¶ 22, 24-25.  As noted, Pop Top did not object to any of the rates requested in this motion.  Based on the court's own experience and knowledge, the hourly rates requested for Raskin, MacLean, Kapadia, and Albanese are within the range of reasonable hourly rates for attorneys of comparable skill, experience, and reputation doing similar work in the San Francisco Bay Area.  *See Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) ("judges are justified in relying on their own knowledge of customary rates and their experience concerning reasonable and proper fees.").

### B. Reasonable Number of Hours

"In determining reasonable hours, counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986) (citing *Hensley*, 461 U.S. at 429).  A court may reduce the number of hours "where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary." *Id*.

Kobo seeks attorneys' fees of $297,956.43 for work performed on this case.  This sum represents 124.6 hours billed by Raskin; 64.1 hours billed by MacLean; 141.4 hours billed by Kapadia; and 111.7 hours billed by Albanese.  1st Raskin Decl. ¶ 23.  It also includes an additional 32.1 hours of work on the instant motion for attorneys' fees.  Raskin Decl. ¶ 6.  Kobo submitted detailed time records to support the request.  *Id*. at ¶ 5, Ex. 1.

As noted, Kobo was ordered to submit a supplemental declaration "explaining in detail whether counsel exercised billing judgment with respect to the time records" and how counsel exercised such billing judgment.  In his supplemental declaration, Raskin explains that "early in the case," he required that attorneys "avoid block billing and . . . use the timer feature in [their] timekeeping software to track hours." *Id*. at ¶ 5.  He also explains that the case was staffed with four attorneys, including one junior associate.  He added MacLean, the fourth attorney, to prepare the summary judgment briefs and did not bill any hours spent by MacLean to "get[ ] up to speed" after joining the case.  *Id*. at ¶ 7.  Raskin states that he made sure that "the appropriate attorney was assigned to work on each task"; for example, Kapadia prepared the declarations in support of

1  Kobo's motion for summary judgment because they required experience and skill with computer
2  code, and Kapadia has a B.S. in electrical and computer engineering and 12 years of experience as
3  a software engineer. *Id.* at ¶ 8. Albanese, the junior associate, performed less complex tasks such
4  as cite-checking and legal research. *Id.* Additionally, Raskin held weekly meetings to discuss the
5  status of the case and how to perform upcoming tasks efficiently and without duplication. The
6  weekly meetings ended after the briefing on the summary judgment motion was complete. *Id.* at ¶
7  9. Raskin also explains that he reviewed pre-bills for the action prior to the bills being sent to
8  Kobo each month and removed any entries that he determined were excessive, redundant, or
9  otherwise unnecessary. *Id.* at ¶ 10. Raskin states that he deducted from the amount requested all
10 fees billed by paralegals who performed administrative tasks. *Id.* at ¶ 11.

11 Finally, Raskin notes that for the additional 32.1 hours of work incurred after the date of
12 his original declaration, certain descriptions related to the preparation of the reply brief in support
13 of the attorneys' fees motion as well as work on the Federal Circuit appeal filed by Pop Top. *Id.*
14 at ¶ 6. He states that "[t]o ensure that the fees request is both reasonable and tied to the Motion
15 [for attorneys' fees], [he] cut each of those time entries in half." *Id.*

16 The court has reviewed the time records submitted by Kobo. Raskin Decl. Ex. 1. The
17 hourly rates and number of billed hours are reasonable and Kobo is entitled to a fee award of
18 $274,721.43, which is the amount it sought in its motion. Kobo's request for an additional
19 $23,235 is denied. That amount represents payment for time spent "finalizing and filing the
20 opening brief" and preparing the reply brief. Kobo could and should have requested these fees as
21 part of its motion, including an estimate of time for its reply. By failing to do so, Kobo prevented
22 Pop Top's ability to object to these hours. The court directed Kobo to submit additional evidence
23 to explain its billing records; it did not invite Kobo to ask for more money. Accordingly, the court
24 denies the request for the additional $23,235 in attorneys' fees.

25 //
26 //
27 //
28

6

## III. CONCLUSION

For the foregoing reasons, the court awards Kobo a total of $274,721.43 in attorneys' fees under the Patent Act, 35 U.S.C. § 285. Pop Top shall pay this sum to Kobo within 30 days of the date of this order.

**IT IS SO ORDERED.**

Dated: March 28, 2022



Donna M. Ryu
United States Magistrate Judge