

Joshua L. Raskin
Tel 212.801.6930
Fax 212.805.5583
raskinj@gtlaw.com

April 11, 2023

The Honorable Donna M. Ryu
U.S.D.C. Northern District of California
Oakland Courthouse
Courtroom 4 - 3rd Floor
1301 Clay Street
Oakland, CA 94612

    Re: *Pop Top Corp. v. Rakuten Kobo Inc.*; Civil Action No. 4:20-cv-04482;
       United States District Court for the Northern District of California

Dear Judge Ryu:

  Defendant Rakuten Kobo Inc. ("Kobo" or "Defendant") respectfully requests that this Court enter an order compelling Plaintiff Pop Top Corp. ("Pop Top") to provide responses to Kobo's Post Judgment Interrogatories to Pop Top ("Interrogatories") and to produce documents responsive to Post Judgment Requests for Production of Documents to Pop Top ("Requests for Production", and together with Interrogatories, "Discovery Requests"). In support thereof, Kobo respectfully states as follows:

**Procedural Background**

  Pop Top initiated this action alleging that Kobo infringed claim 1 of U.S. Patent No. 7,966,623. [Docket No. 1]. Kobo moved for summary judgment of non-infringement. [Docket No. 28]. On June 25, 2021, this Court granted Kobo's motion for summary judgment [Docket No. 50] and entered judgment in favor of Kobo and against Pop Top on its claim. [Docket No. 50]. Pop Top appealed the Court's ruling to the United States Court of Appeals for the Federal Circuit, Appeal No. 21-2174. [Docket No. 67]. The Federal Circuit affirmed on May 4, 2022. [Docket No. 80]. The Federal Circuit also found that Pop Top's appeal was frivolous, and awarded sanctions in the amount of $107,748.27, for which Pop Top and its counsel were jointly and severally liable. *Pop Top Corp. v. Rakuten Kobo Inc.*, No. 2021–2174, Docket No. 46 (Fed. Cir. July 14, 2022). Pop Top's counsel paid this amount to Kobo.

  Kobo separately filed a Motion for Attorneys' Fees and Non-taxable Costs in this Court. [Docket No. 61]. On March 28, 2022, the Court granted Kobo's motion and awarded Kobo a total of $274,721.43 in attorneys' fees under the Patent Act, 35 U.S.C. § 285 ("Judgment"). [Docket No. 77]. The Court directed Pop Top to pay this sum to Kobo within 30 days of the date of the Judgment. *Id.* Pop Top has failed to do so.

*Pop Top Corp. v. Rakuten Kobo Inc.*; Civil Action No. 4:20-cv-04482
April 11, 2023
Page 2


Pop Top appealed the Judgment to the United States Court of Appeals for the Federal Circuit. [Docket No. 78]. The Federal Circuit affirmed on April 5, 2023. *Pop Top Corp. v. Rakuten Kobo Inc.*, No. 2022-1688, Docket No. 39 (Fed. Cir. April 5, 2023). To date, Pop Top has failed to satisfy the Judgment.

**Post Judgment Discovery**

On February 3, 2023, Kobo served post-judgment Discovery Requests on Pop Top's counsel of record, Mr. Matthew Wawrzyn (Exhibit A and B, respectively). Fed. R. Civ. Proc. 5 5(b)(1) ("If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party."); *Patent Litigation Amazon.com, Inc. v. Personal Web Technologies, LLC (In re Personalweb Technologies, LLC)*, No. 18-md-02834-BLF, 2021 U.S. Dist. LEXIS 135220, at *18 (N.D. Cal. July 20, 2021) (finding that service of post-judgment discovery requests on attorney of record for the judgment debtor was proper and effective because the attorney had not withdrawn and was still counsel of record at the time of service); *JW Gaming Development, LLC v. James*, No. 18-cv-02669-WHO (RMI), 2021 U.S. Dist. LEXIS 106342, at *17 (N.D. Cal. June 7, 2021) ("courts routinely and repeatedly stress that the scope of post-judgment discovery is very broad. . . not only is the scope of this category of discovery very broad, but the presumption should be in favor of full discovery of any matters arguably related to [the creditor's] efforts to trace [the debtor's] assets and otherwise to enforce its judgment.") (internal citations and quotation marks omitted).

Pop Top was required to respond to the Discovery Requests by no later than March 3, 2023. Pop Top failed to do so, and to date, it has failed to provide any responses to Kobo's Discovery Requests.

**Meet and Confer Efforts**

Pursuant to Rule 37-1 of the Civil Local Rules of this Court, and this Court's standing Order, on March 17, 2023 and March 23, 2023, counsel for Kobo reached out to Pop Top's counsel by telephone and by email, to meet and confer regarding the past due responses to the Discovery Requests. After failing to respond to the initial telephonic communications, Mr. Wawrzyn responded by email on March 23, 2023, indicating for the first time that he "do[es] not represent Pop Top in the [post judgment] enforcement proceeding." However, Mr. Wawrzyn has not sought leave to withdraw as counsel and, therefore, he remains counsel of record.[1] *Patent Litigation Amazon.com*, 2021 U.S. Dist. LEXIS 135220, at *20 (citing Civ. Local Rule 11-5(a)) ("[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in

---

[1] Pursuant to Rule 37-1, "[a] corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court." Civ. Local Rule 3-9(b).

*Pop Top Corp. v. Rakuten Kobo Inc.*; Civil Action No. 4:20-cv-04482
April 11, 2023
Page 3

the case.") In any event, Mr. Wawrzyn represented that he "forwarded the discovery requests [to Pop Top] when they were served." As a result, despite the efforts to meet and confer with counsel for Pop Top, counsel for Kobo has been unable to do so.

### Relief Requested

Federal Rule of Civil Procedure 69(a) provides that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Further, "the judgment creditor . . . may obtain discovery from any person-including the judgment debtor-as provided in these rules or by the procedure of the state where the court is located." *Id*. As a result, "a judgment creditor has a choice of using either federal or state discovery methods." *Textron Financial Corp. v. Gallegos*, No. 15CV1678-LAB (DHB), 2016 U.S. Dist. LEXIS 100407, at *6 (S.D. Cal. Aug. 1, 2016).

This Court has the authority to compel Pop Top to respond to the Discovery Requests under both federal and California law. *See* Federal Rule of Civil Procedure 37 ("[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. FRCP 37); Cal. Civ. Proc. Code § 2030.290) ("[t]he party propounding the interrogatories may move for an order compelling response to the interrogatories.").

Moreover, by failing to respond to the Discovery Requests, Pop Top waived any objections. *Patent Litigation Amazon.com*, 2021 U.S. Dist. LEXIS 135220, at *22 (granting motion to compel and directing judgment debtor "to respond without objection to the interrogatories and requests for production and to produce documents in response to the requests for production" because judgment debtor "failed to respond by the deadline and therefore has waived its objections."); *Hansford v. Solano County HHS*, No. 2:08-cv-02232-MCE-KJN, 2011 U.S. Dist. LEXIS 82501, at *4 (E.D. Cal. July 28, 2011) (citing *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)) ("it is well-settled that a failure to respond to discovery requests waives objections, including those based on privilege.").

In addition, "[i]f the court grants the motion, it shall require the party whose conduct necessitated the motion to pay the moving party's reasonable expenses incurred in making the motion, including attorneys' fees, unless the failure to respond was substantially justified." *Logtale, Ltd. v. IKOR, Inc.*, No. C-11-05452 CW (DMR), 2013 U.S. Dist. LEXIS 107727, at *5 (N.D. Cal. July 31, 2013) (Ryu, J.) (quoting Fed. R. Civ. P. 37(a)(5)(A) and awarding sanctions in the form of attorneys' fees because "Defendants' failure to timely and fully respond to Plaintiff's discovery was not substantially justified.") Here, Pop Top has repeatedly engaged in frivolous litigation, which already resulted in imposition of sanctions by this Court and the Court of Appeals for the Federal Circuit. Pop Top now continues to disregard its discovery obligations

*Pop Top Corp. v. Rakuten Kobo Inc.*; Civil Action No. 4:20-cv-04482
April 11, 2023
Page 4

without any justification, necessitating the filing of the instant motion and forcing Kobo to incur additional attorneys' fees.

      Therefore, for all the foregoing reasons, Kobo respectfully request entry of an Order (i) compelling Pop Top to respond, without objection, to Kobo's Post Judgment Interrogatories within seven (7) days of the entry of the order, (ii) compelling Pop Top to produce, without objection, all responsive documents to Kobo's Post Judgment Requests for Production of Documents within seven (7) days of the entry of the order, (iii) ordering that all objections have been waived, (iv) awarding attorneys' fees and expenses incurred in preparing, filing and briefing the instant motion, in the amount to be determined based upon a separate motion for attorneys' fees to be filed within seven (7) days of the entry of an order granting this Motion, and (v) granting such further relief as this Court deems just and proper.

DATED: April 11, 2023

GREENBERG TRAURIG, LLP

By: */s/ Joshua L. Raskin*

Joshua L. Raskin (admitted *pro hac vice*)
raskinj@gtlaw.com
Vimal M. Kapadia (admitted *pro hac vice*)
kapadiav@gtlaw.com
Katie Albanese (admitted *pro hac vice*)
albanesek@gtlaw.com
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue
New York, NY 10166
Telephone: 212.801.9200
Facsimile: 212.801.6400

Michael Hogue (272083)
hoguem@gtlaw.com
GREENBERG TRAURIG, LLP
101 Second Street, Suite 2200
San Francisco, CA 94105
Telephone: 415.655.1300
Facsimile: 415.707.2010

*Attorneys for Defendant Rakuten Kobo Inc.*