1
2
3
4           UNITED STATES DISTRICT COURT
5           NORTHERN DISTRICT OF CALIFORNIA
6
7    POP TOP CORP,                          Case No.  20-cv-04482-YGR   (DMR)
8                    Plaintiff,
                                            **ORDER DENYING ROHIT**
9           v.                              **CHANDRA'S MOTION TO QUASH,**
                                            **FOR A PROTECTIVE ORDER ON**
10   RAKUTEN KOBO INC.,                     **INTERROGATORIES, AND TO**
                                            **QUASH DEBTOR'S EXAMINATION**
11                   Defendant.
                                            Re: Dkt. No. 146
12
13          Judgment Debtor Rohit Chandra ("Chandra") seeks relief from certain discovery
14   propounded and sought by Defendant Rakuten Kobo Inc. ("Kobo").     [Docket No. 146.]
15   Specifically, Chandra seeks to quash subpoenas that Kobo issued to nonparties Charles Schwab and
16   Wells Fargo; a protective order as to interrogatories propounded on Chandra; and to quash a debtor's
17   examination as to Chandra.  *Id.*  Chandra also seeks sanctions against Kobo.  *Id.* at 11-12.  Kobo
18   filed an opposition (Docket No. 151), and Chandra filed a reply (Docket No. 152).  This matter is
19   suitable for determination without oral argument.  Civ. L.R. 7-1(b).  For the reasons stated below,
20   the court denies Chandra's motion.
21   **I.      BACKGROUND**
22          A detailed history of this litigation is set forth in prior orders.  [Docket Nos. 121, 134.]  As
23   is relevant here, after the court granted summary judgment in 2022 in favor of Kobo, the court found
24   that Kobo was entitled to attorneys' fees under the Patent Act.  [Docket Nos. 50, 77.]  The court
25   thus ordered Plaintiff Pop Top Corp. ("Pop Top") to pay Kobo $274,721.43 in fees within 30 days.
26   [Docket No. 77.]  The Federal Circuit affirmed the attorneys' fees award.  *Pop Top Corp. v. Rakuten*
27   *Kobo Inc.*, Case No. 22-1688, Docket No. 39.
28

United States District Court
Northern District of California

United States District Court
Northern District of California

After Pop Top failed to timely pay the fees, Kobo moved to amend the judgment to add Pop Top's principal, Chandra, as a judgment debtor, assign Pop Top's patents to Kobo, and hold Pop Top and Chandra in civil contempt for failure to timely pay the attorneys' fees. [Docket No. 107.] After Chandra declined to consent to magistrate judge jurisdiction[1] (Docket No. 119), the undersigned issued a report and recommendation that the district judge grant Kobo's motion to add Chandra as a judgment debtor and deny without prejudice Kobo's motion to hold Pop Top and Chandra in civil contempt and to assign Chandra's patents in partial satisfaction of the judgment. [Docket No. 121.]

The case was reassigned to the Honorable Yvonne Gonzalez Rogers. [Docket No. 122.] On August 15, 2024, Judge Gonzalez Rogers adopted the undersigned's report and recommendation in full and added Chandra as a judgment debtor. [Docket No. 134, "Order Adopting R&R."] In particular, Judge Gonzalez Rogers found that Chandra was an alter ego of Pop Top and that adding Chandra as a judgment debtor would not violate his due process rights. *Id.* at 3-11. Judge Gonzalez Rogers thus granted Kobo's motion to add Chandra as a judgment debtor. *Id.* at 12.

On January 27, 2025, Chandra appealed the Order Adopting R&R adding him as a judgment debtor and the court's order denying his motion for leave to file a motion for reconsideration of that Order. [Docket No. 150]; *Pop Top Corp. v. Rakuten Kobo Inc.*, Case No. 2025-1392 (Fed. Cir.). As of the date of this order, the appeal remains pending.

In an attempt to ascertain Chandra's personal assets, Kobo served post-judgment discovery: it served subpoenas on Charles Schwab and Wells Fargo and interrogatories on Chandra, and also seeks a debtor's examination of Chandra. *See* Mot. at 7-9.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 69(a)(2) provides that, "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located." Courts

---

[1] Pop Top and Kobo consented to magistrate judge jurisdiction. [Docket Nos. 7, 20.] The undersigned presided over this matter until Kobo sought to add Chandra as a judgment debtor, and Chandra declined to magistrate judge jurisdiction.

in the Northern District "recognize[] that the scope of post-judgment discovery is broad." *In re PersonalWeb Techs., LLC*, No. 18-MD-02834-BLF, 2023 WL 3510391, at *2 (N.D. Cal. May 16, 2023) (citing *JW Gaming Dev., LLC v. James*, 544 F. Supp. 3d 903, 926 (N.D. Cal. 2021)); *see Ryan Inv. Corp. v. Pedregal de Cabo San Lucas*, No. C 06-3219 JWRS, 2009 WL 5114077, at *4 (N.D. Cal. Dec. 18, 2009) ("As several federal courts have noted, Rule 69 discovery can indeed resemble the proverbial fishing expedition, but a judgment creditor is *entitled* to fish for assets of the judgment debtor.") (cleaned up; emphasis in original). "Even so, there are real limits to this discovery based on proportionality, harassment, and whether the discover is reasonably calculated to lead to relevant information." *JW Gaming Dev.*, 544 F. Supp. 3d at 926.

## III. DISCUSSION

Chandra objects to Kobo's post-judgment discovery on three grounds: (1) the Federal Circuit appeal stays post-judgment discovery; (2) he is a non-party and, as such, the discovery violates his privacy rights; and (3) the discovery is overly broad, irrelevant, and duplicative. Mot. at 2-4, 7-9. None of Chandra's arguments have merit.

*First,* Chandra's appeal does not automatically stay post-judgment discovery, particularly where he did not move to stay enforcement or post a bond. *See Cellspin Soft, Inc. v. Fossil Grp., Inc.*, No. 17-cv-05933-YGR (KAW), 2018 WL 11471632, at *2 (N.D. Cal. Nov. 21, 2018) ("Plaintiff suggests that the Court should stay post-judgment enforcement proceedings during the pendency of the appeals. . . . Plaintiff provides no authority that would otherwise suggest a stay is necessary, particularly where Plaintiff has failed to file a supersedeas bond.") (citations omitted); *Virgin Scent, Inc. v. BT Supplies W., Inc.*, No. CV 21-00184-DMG (ASX), 2023 WL 12011478, at *1 (C.D. Cal. May 5, 2023) ("Given Defendant has failed to seek a stay of enforcement or post a bond or other security, Plaintiff is entitled to seek this discovery while Defendant's post-judgment motions and appeal are pending.") (citing Fed. R. Civ. P. 62); *Johnson v. Storix, Inc.*, No. 14-CV-1873-H-BLM, 2017 WL 2779265, at *3 (S.D. Cal. June 27, 2017) ("Johnson is not entitled to a stay pending appeal. Accordingly, the Court overrules Johnson's objections to post-judgment discovery. Johnson must comply with the post-judgment discovery requests . . .").

United States District Court
Northern District of California

United States District Court
Northern District of California

**Second,** the August 15, 2024 Order Adopting R&R indisputably added Chandra as a judgment debtor. Although Chandra has appealed that order, the Federal Circuit has not yet issued its decision, and the Order Adopting R&R still stands. *See Pop Top Corp. v. Rakuten Kobo Inc.*, Case No. 25-1392 (Fed. Cir.). Chandra's arguments that he is a non-party are thus meritless.

**Third,** although neither party attached the subpoenas and interrogatories at issue, it appears the requested discovery is not duplicative. Chandra provides one example of an interrogatory he contends is duplicative of his October 5 and 6, 2023 deposition testimony about his finances:

> Do you currently own, claim an interest in (directly or indirectly). [*sic*] Or possess any real property or owned claimed interest in or possessed any real property at any time since January 1, 2020? If your answer to this interrogatory is in the affirmative state or identify:

Reply at 3.[2] The fact that Kobo questioned Chandra about his finances once before does not preclude Kobo from seeking additional discovery in the post-judgment phase. More than a year and a half has passed since his deposition, and it is entirely possible that his finances may have changed since then.

Moreover, Kobo represents that the prior post-judgment discovery that was served prior to the addition of Chandra as a judgment debtor related to Pop Top's assets, not Chandra's. Opp'n at 4. Kobo is entitled to examine Chandra's personal assets to satisfy the attorneys' fee award, including through the use of third-party subpoenas to his banks, interrogatories, and a judgment debtor's exam. *Ryan Inv. Corp. v. Pedregal de Cabo San Lucas*, No. C 06-3219 JWRS, 2009 WL 5114077, at *1 (N.D. Cal. Dec. 18, 2009) ("The judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor. . . . A judgment creditor is therefore ordinarily entitled to a very thorough examination of a judgment debtor with respect to its assets, including discovery of the identity and location of any of the judgment debtor's assets, wherever located") (cleaned up); *see* Fed. R. Civ. P. 69 Adv. Comm. Notes to 1970 Amendment ("The [Rule 69] amendment assures that, in aid of execution on a judgment, all discovery procedures provided in the rules are available and not just discovery via the taking of a

---

[2] Chandra urges the court to review his deposition transcript. Reply at 3 n.1. The court cannot do so, as neither party submitted the transcript in connection with this motion.

deposition.").

Chandra's concerns about his privacy rights are mitigable in light of Kobo's prior "agree[ment] to treat Chandra's bank records as 'confidential' subject to protective order." Opp'n at 5. To that end, by **July 7, 2025**, the parties jointly shall submit a proposed stipulated protective order based on the Northern District of California's Stipulated Protective Order for Standard Litigation. The submission must comply with Judge Ryu's Standing Order ¶ 16.

As a final matter, on this record, the court cannot find that Kobo has engaged in harassing or abusive tactics that warrant sanctions. Chandra has not shown that Kobo's post-judgment discovery is unduly burdensome or obviously irrelevant. As explained above, Chandra is a judgment debtor and, as such, is liable for paying Kobo's fee award. The fact that Chandra is self-represented does not relieve him from complying with the Federal Rules of Civil Procedure or any court orders. *See* Civ. L.R. 3-9(a) ("A person representing him or herself without an attorney is bound by the Federal Rules, as well as by all applicable local rules.").[3]

## IV.    CONCLUSION

For the foregoing reasons, the court denies Chandra's motion.

**IT IS SO ORDERED.**

Dated: June 23, 2025

_____
Donna M. Ryu
Chief Magistrate Judge

United States District Court
Northern District of California

---

[3] Kobo contends that Chandra failed to meet and confer prior to filing this motion, in violation of the court's prior order. Opp'n at 2-3; Docket No. 118 ("Chandra's motion to quash Defendant's subpoenas to Wells Fargo and Charles Schwab is denied without prejudice for failure to meet and confer with Defendant. . . . If Defendant issues further subpoenas, the parties must meet and confer before filing any motion(s) challenging the subpoena(s)."). Future violations may result in sanctions, including the denial of motions without prejudice.