UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POP TOP CORP,<br><br>    Plaintiff,<br><br>v.<br><br>RAKUTEN KOBO INC.,<br><br>    Defendant. | Case No. 20-cv-04482-YGR (DMR)<br><br>**ORDER REGARDING MOTION TO VACATE AND MOTION FOR ADMONISHMENT**<br><br>Re: Dkt. No. 158, 161 |

On June 23, 2025, the court denied Judgment Debtor Rohit Chandra's motion to quash post-judgment discovery propounded by Defendant Rakuten Kobo, Inc. ("Kobo"). [Docket No. 153 (6/23/25 Order).] On July 7, 2025, Chandra moved to vacate that order "based on material misrepresentations and updated evidentiary context," which the court construed as a motion for reconsideration pursuant to Civil Local Rule 7-9.[1] [Docket No. 158 (Recon. Mot.); Docket No. 160 (order construing motion to vacate as motion for reconsideration).] The court deemed the matter submitted on the papers. [Docket No. 160; Civ. L.R. 7-9(d).]

On July 9, 2025, Chandra filed a "Motion for Admonishment Regarding Litigation and Procedural Abuse." [Docket No. 161 (Admonishment Mot.).] Kobo filed a response, and Chandra filed a reply. [Docket No. 163 (Admonishment Opp'n); Docket No. 165 (Admonishment Reply).] On July 10, 2025, Chandra filed a Notice of Correction Regarding Case Citations in Motion for Admonishment." [Docket No. 162 (Notice).] Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for disposition without oral argument.

For the reasons stated below, both of Chandra's motions are denied.

---

[1] Because the court construed Chandra's motion as one for reconsideration, Kobo was not required to respond. [Docket No. 160; Civ. L.R. 7-9(d).]

## I.    CITATIONS TO HALLUCINATED CASES

Before addressing the merits of Chandra's motions, the court notes that Chandra apparently used an AI tool to perform his legal research. It is well-established that blind reliance on AI has led many a party to cite imaginary cases in court filings. *See Williams v. Cap. One Bank, N.A.*, No. CV 24-2032 (RC), 2025 WL 843285, at *7 (D.D.C. Mar. 18, 2025) ("Courts have recently seen increasing reliance on artificial intelligence in legal proceedings, leading to the use of nonexistent citations in court documents.") (collecting cases); *Gjovik v. Apple Inc.*, No. 23-CV-04597-EMC, 2025 WL 1447380, at *7 n.4 (N.D. Cal. May 19, 2025) (citing *Kruglyak v. Home Depot U.S.A., Inc.*, 774 F. Supp. 3d 767, 770 (W.D. Va. Mar. 25, 2025), for the proposition that "AI 'platforms sometimes 'hallucinate,' meaning they provide inaccurate responses . . ."); *Coomer v. Lindell*, No. 22-CV-01129-NYW-SBP, 2025 WL 1865282, at *8 (D. Colo. July 7, 2025) (imposing monetary sanctions on counsel whose briefs included "nearly thirty defective citations").

For example, in his Reconsideration Motion, Chandra cites "*In re Subpoena to Vargas*, No. 18-mc-00125, 2018 WL 622011, at *3 (S.D.N.Y. Jan. 29, 2018)." Recon. Mot. at 4 n.3. This does not appear to be an actual case. A search of the Southern District of New York's electronic case filing ("ECF") system shows that case number 18-mc-00125 is not *In re Subpoena to Vargas*, but *In Re the Matter of Kristen Melissa Siracusa*. A Westlaw search of "2018 WL 622011" also does not yield any cases titled "*In re Subpoena to Vargas*."

Chandra unsuccessfully attempted to rectify his improper citations in his next filing. In his Notice filed in connection with his Admonishment Motion, Chandra states that "two case citations were inadvertently included" in that motion: *Kuyper v. Bd. of Cnty. Comm'rs*, 2007 WL 437807 (D. Colo. Feb. 6, 2007), and *Tagayun v. Stolzenberg*, 239 F.R.D. 481 (E.D. Va. 2006). [Docket No. 162 (Notice) at 1.] Chandra asserts that "their inclusion was unintentional and made in good faith while researching procedural protections for pro se litigants and judicial oversight of coercive discovery. *Id.* at 2 (emphasis omitted). Chandra does not explain how the cases were "inadvertently included" or how their inclusion was "unintentional." Instead, he "offers the following corrected authorities supporting the same principles:"

|   |   |
|---|---|
| 1 | • *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) — Courts have inherent authority to sanction bad-faith conduct or abuse of process. |
| 2 | |
| 3 | • *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1107 (9th Cir. 2002) — Sanctions appropriate under 28 U.S.C. § 1927 for tactics that unreasonably multiply proceedings. |
| 4 | |
| 5 | • *Estate of Hernandez-Rojas v. United States*, 62 F.4th 1164, 1171 (9th Cir. 2023) — Discovery must not be used as a tactical weapon. |
| 6 | • *Mickens v. Waynesboro*, 2011 WL 4899996, at *3 (W.D. Va. Oct. 14, 2011) — Protective order and judicial warning issued for abusive discovery directed at a pro se litigant. |
| 7 | |

Notice at 2.

Kobo responded by pointing out that two of these cases—*Estate of Hernandez-Rojas* and *Mickens*—do not exist. Admonishment Opp'n at 5. Indeed, searches of the Ninth Circuit's ECF system and Westlaw were unable to result in a case titled "*Estate of Hernandez-Rojas v. United States*" or an opinion matching the citation "62 F.4th 1164." Similarly, searches of the Western District of Virginia's ECF system and Westlaw fail to produce a case titled "*Mickens v. Waynesboro*" or an order with the citation "2011 WL 4899996" that was filed on October 14, 2011.

Chandra has repeatedly tried to invoke his self-represented status as a shield. *See, e.g.*, Recon. Motion at 5 ("This disparity in judicial treatment contributes to the appearance of procedural asymmetry, especially given Movant's pro se status."); *id.* at 6 ("Movant is a pro se litigant facing sophisticated counsel and post-judgment enforcement efforts . . ."); Admonishment Mot. at 4 ("It is a coercive, tactical assault exerting the resources of a large firm to overwhelm a *pro se* litigant Chandra [*sic*]."); *id.* (arguing that Chandra's "procedural vulnerability and unrepresented status has repeatedly been exploited by Kobo's counsel . . . ."); Admonishment Reply at 7 ("It is particularly inappropriate to weaponize formalities against a pro se litigant acting in good faith under unusual and difficult circumstances."); *id.* at 8 ("Mr. Chandra respectfully asks the Court to view his filings through that lens: not as strategic, not as frivolous, and not as defiant — but as the earnest and sometimes imperfect efforts of a pro se litigant trying to stay engaged with the process under extraordinary circumstances."); Docket No. 146 (Mot. to Quash) at 7 ("Defendant continues to indulge in these abusive practices and exploit the system knowing fully well that Non-Party Judgment Debtor is without legal representation and *Pro Se*.") (emphasis omitted); *id.* at 10

1  ("Defendant's requests for the assignment of targeted, cherry-picked, individual assets, including
2  patents, reflect an overreach designed to exploit post-judgment proceedings and harass Pro Se Non-
3  Party [*sic*].").

4  As the court previously noted, "[t]he fact that Chandra is self-represented does not relieve
5  him from complying with the Federal Rules of Civil Procedure or any court orders." 6/23/25 Order
6  at 5; *see Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) ("[I]t is axiomatic that pro se
7  litigants, whatever their ability level, are subject to the same procedural requirements as other
8  litigants."). This includes the requirement that

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or ***unrepresented party*** certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . ***the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law***[.]"

Fed. R. Civ. P. 11(b)(2) (emphasis added).

Chandra's self-represented status does not permit him to submit information blindly. Like every other person who appears before the court, he has an obligation to confirm that arguments and case law submitted to the court are supported by existing law, and a failure to do so is sanctionable. *See Gjovik*, 2025 WL 1447380, at *7 ("[F]orewarn[ing] [the pro se plaintiff] that (1) she is responsible for verifying the accuracy of AI-generated or AI-provided information . . . , and that (2) failure to do so may lead to sanctions, including but not limited to a finding of contempt and/or the ability to proceed pro se."); *Saxena v. Martinez-Hernandez*, No. 22-CV-02126-CDS-BNW, 2025 WL 1194003, at *2 (D. Nev. Apr. 23, 2025) ("Saxena contends that his use of artificial intelligence should not be grounds for dismissal because he is pro se and disabled. This is no excuse for submitting non-existent authority to the court in support of a brief."); *Ruggierlo, Velardo, Burke, Reizen & Fox, P.C. v. Lancaster*, No. 22-12010, 2023 WL 5846798, at *2 n.5 (E.D. Mich. Sept. 11, 2023) ("Although he is pro se, the Court warns Lancaster that conduct such as citing made-up law may result in significant sanctions imposed by either this Court, or upon remand, another court observing the same conduct."); *Morgan v. Cmty. Against Violence*, No. 23-CV-353-WPJ/JMR, 2023

4

1    WL 6976510, at *7 (D.N.M. Oct. 23, 2023) ("Although courts 'make some allowances for the *pro*

2    *se* Plaintiff's failure to cite to proper legal authority,' courts do not make allowances for a Plaintiff

3    who cites to fake, nonexistent, misleading authorities.") (quoting *James v. Wadas*, 724 F.3d 1312,

4    1315 (10th Cir. 2013).

5          The court will not impose sanctions at this time. However, Chandra is now warned that

6    citations to nonexistent cases, or citation to existing cases for unsupported propositions, may result

7    in sanctions, including monetary sanctions. *See United States v. Hayes*, 763 F. Supp. 3d 1054, 1064

8    (E.D. Cal. 2025), *reconsideration denied*, No. 24-CR-0280-DJC, 2025 WL 1067323 (E.D. Cal. Apr.

9    9, 2025) (collecting cases imposing sanctions for "the submission of fictitious legal authority").

## II.  MOTION FOR RECONSIDERATION

Chandra seeks reconsideration of the court's 6/23/25 Order on grounds that (1) the court "relied on representations by Kobo's counsel that are demonstrably false"; (2) the court "did not have access to the Highly Duplicative and Unduly Burdensome Subpoena designed to harass and which covers topics previously answered as well as topics previously in the public domain"; and (3) Federal Rule of Civil Procedure "45(d) requires that all parties—especially unrepresented ones—be afforded the same procedural safeguards and that judicial discretion be exercised symmetrically." Recon. Mot. at 2-5 (footnotes and emphasis omitted). Chandra also renews his request for oral argument and provides exhibits "to complete the record and allow proper evaluation of the subpoena's burden and relevance under Rule 45(d) and Rule 26(b)(1)." *Id.* at 6 (emphasis omitted).

### A.  Legal Standard

A party may seek reconsideration of an interlocutory order if the moving party "shows reasonable diligence in bringing the motions" as well as one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). A motion for reconsideration may not "repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." Civ. L.R. 7-9(c).

### B. Discussion

Chandra fails to identify any basis for the court to revisit its 6/23/25 Order.

#### 1. Allegedly False Representations

Chandra offers no evidence to support his assertion that Kobo's counsel made a false representation by saying that the "post-judgment discovery that was served prior to the addition of Chandra as a judgment debtor related to Pop Top's assets, not Chandra's" (6/23/25 Order at 4). Recon. Mot. at 2. He does not, for instance, attach the discovery requests or deposition excerpts that allegedly relate to his, not Pop Top's, assets.

Chandra instead asserts that a ChatGPT analysis of his deposition transcript shows that "~25% of the total questions were directed specifically at Mr. Chandra's personal assets." Recon. Mot. at 2 (emphasis omitted). Chandra's proffered ChatGPT analysis lacks any independent corroboration and thus is not reliable. *See Yelp Inc. v. Google LLC*, No. 24-CV-06101-SVK, 2025 WL 1168900, at *8 n.6 (N.D. Cal. Apr. 22, 2025) (noting that "[t]his Court is cognizant of the fact that reliance on AI tools may lead to errors and misrepresentations" and acknowledging that "some courts in this District have adopted procedures for the use of artificial intelligence by counsel and parties, including, *e.g.*, requirements that 'counsel must at all times personally confirm for themselves the accuracy of any content generated by these tools,' . . . that '[c]ounsel is responsible for maintaining records of all prompts or inquiries submitted to any generative AI tools in the event those records become relevant at any point,' . . . , that the use of artificial intelligence in briefs or pleadings be identified within the body of such brief or pleading, . . . and prohibiting the use of AI to submit 'uncorroboratable assertions of law or fact' . . .") (brackets in the original; citations omitted).

6

At any rate, even if a significant portion of the discovery focused on Chandra's finances, it does not preclude Kobo from seeking additional information now. As the court explained, "[m]ore than a year and a half has passed since his deposition, and it is entirely possible that his finances may have changed since then." 6/23/25 Order at 4.

### 2. Failure to Consider Subpoena

The fact that neither party provided the court with a copy of the subpoena (Recon. Mot. at 4) is not grounds for reconsideration. Nothing prevented Chandra from submitting the subpoena with his motion to quash or reply in support thereof, and the court declines to consider it now.[2] *See* Civ. L.R. 7-9(b)(2) and (3) (grounds for reconsideration include "[t]he emergence of new material facts … ***occurring after the time of such order***; or [a] manifest failure by the Court to consider material facts or dispositive legal arguments ***which were presented to the Court before such interlocutory order***") (emphasis added). Moreover, as explained above, Kobo is entitled to discovery on Chandra's current financial status.

### 3. "Procedural Asymmetry"

Chandra appears to argue that the 6/23/25 Order treated him unfairly. Recon. Mot. at 5. He identifies three reasons for his belief: (1) the court did not consider the deposition transcript, even though it was filed in connection with a prior motion; (2) the court "suggest[ed] that Kobo could reissue a modified subpoena based on perceived changed circumstances"; and (3) the court issued the 6/23/25 Order "without a full record, despite Chandra requesting an oral hearing that would have filled gaps in the record." Recon. Mot. at 5.

Chandra has not identified any "procedural asymmetry" that resulted in his unfair treatment. ***First,*** at no point in his briefs did Chandra provide a docket cite to his deposition transcript. The court is not required to scour the docket—which had, at the time Chandra filed his motion to quash, 145 filings, exclusive of exhibits—in order to find a deposition transcript that may or may not have been filed. *See, e.g.*, *Schoenmann v. Schoenmann*, No. 22-CV-09156-AMO, 2024 WL 4227587,

---

[2] Chandra attaches the subpoena as an exhibit to his motion (Docket No. 158-1) but does not authenticate it with a declaration. *See* Civ. L.R. 7-5(a) ("Extracts from depositions, interrogatory answers, requests for admission and other evidentiary matters must be appropriately authenticated by an affidavit or declaration.").

7

1   at *10 (N.D. Cal. Sept. 17, 2024) ("[J]udges are not like pigs, hunting for truffles buried in briefs[.]")

2   (quoting *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994)).

3   ***Second,*** it is unclear what Chandra means when he contends the court "suggest[ed] that Kobo could reissue a modified subpoena based on perceived changed circumstances" even though it was "not prompted by any motion from Kobo[.]" Recon. Mot. at 5. The 6/23/25 Order did not make any such suggestion. After reviewing that order, the court speculates that Chandra may be referring to footnote 5, which stated:

> Kobo contends that Chandra failed to meet and confer prior to filing this motion, in violation of the court's prior order. Opp'n at 2-3; Docket No. 118 ("Chandra's motion to quash Defendant's subpoenas to Wells Fargo and Charles Schwab is denied without prejudice for failure to meet and confer with Defendant. . . . If Defendant issues further subpoenas, the parties must meet and confer before filing any motion(s) challenging the subpoena(s)."). Future violations may result in sanctions, including the denial of motions without prejudice.

This footnote does not amount to an invitation to Kobo to serve another subpoena. Rather, it cites a March 14, 2024 hearing on Chandra's earlier motion to quash, in which the court quashed Kobo's subpoenas without prejudice but allowed Kobo to re-serve them following resolution of the then-pending motion to amend. [Docket No. 118.]

***Third,*** the court is not required to hold oral argument, even if requested by a party. Civ. L.R. 7-1(b) ("In the Judge's discretion, or upon request by counsel and with the Judge's approval, a motion may be determined without oral argument or by telephone conference call."); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998) ("[A] district court can decide the issue without oral argument if the parties can submit their papers to the court."); *Bach v. Teton Cnty., Idaho*, 207 F. App'x 766, 769 (9th Cir. 2006) ("Due process does not require the district court to hold oral argument before ruling on pending motions."). Chandra's contention that a hearing "would have filled gaps in the record" (Recon. Mot. at 5) is unavailing. Chandra had an opportunity to set forth his argument in his briefs, and it would be improper to raise a new argument for the first time at a hearing. *See Twin Rivers Eng'g, Inc. v. Fieldpiece Instruments, Inc.*, No. 16-cv-04502-MLH (MRWx), 2018 WL 6038277, at *6 n.4 (C.D. Cal. Apr. 24, 2018) ("Because this new issue was raised for the first time at the hearing and was not addressed in the parties' briefing, the Court also

8

declines to consider this new argument."); *Ramirez v. Salvation Army*, No. C06-0631 TEH, 2006 WL 1867722, at *9 (N.D. Cal. July 6, 2006) ("[T]he Court need not consider an issue . . . raised for the first time at oral argument.").

### III. MOTION FOR ADMONISHMENT

Chandra seeks "a formal admonition against Kobo's counsel for demanding discovery compliance while a dispositive motion to vacate is pending." Admonishment Mot. at 1.

"Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (cleaned up). "[S]anctions are available if the court specifically finds bad faith or conduct tantamount to bad faith" and "for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001).

Kobo's counsel's conduct does not come close to the level that other courts have found to warrant an admonition. *See, e.g.*, *Wilkins v. Barber*, No. 19-cv-1338 WBS KJN P, 2021 WL 4066048, at *3 (E.D. Cal. Sept. 7, 2021) (admonishing "[p]laintiff [who] ha[d] consistently threatened defendant Barber and her attorney, referred to defendant Barber as a 'criminal,' and inundated counsel with harassing, threatening and intimidating letters and emails."). There was no basis for Kobo to cease its efforts to obtain the post-judgment discovery as the court allowed in its 6/23/25 Order. Nothing in Civil Local Rule 7-9 provides that proceedings are automatically stayed once a reconsideration motion is filed, and Chandra did not seek a stay or protective order.

### IV. CONCLUSION

For the reasons stated above, the court denies Chandra's motions.

**IT IS SO ORDERED.**

Dated: July 25, 2025

Donna M. Ryu
Chief Magistrate Judge