UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POP TOP CORP,<br><br>   Plaintiff,<br><br>  v.<br><br>RAKUTEN KOBO INC.,<br><br>   Defendant. | Case No. 20-cv-04482-YGR (DMR)<br><br>**ORDER DENYING EMERGENCY MOTION FOR PROTECTIVE RELIEF**<br><br>Re: Dkt. No. 169 |

On July 23, 2025, Judgment Debtor Rohit Chandra filed an "Emergency Motion for Protective Relief Based on Safety Concerns and Coercive Conduct by Opposing Counsel." [Docket No. 169 (Mot.).] Chandra "seeks immediate protective relief from ongoing abusive and coercive communications from counsel for [Rakuten] Kobo Inc." ("Kobo"), and specifically points to a July 22, 2025 email from Kobo's counsel as the impetus for his motion. Mot. at 1; Docket No. 169-1 (Ex. A) at ECF pp.1-2.

"Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (cleaned up). "[S]anctions are available if the court specifically finds bad faith or conduct tantamount to bad faith" and "for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001).

The court has carefully reviewed the correspondence between Chandra and Kobo's counsel. [Docket Nos. 169-1, 169-2.] Some of the communications from Kobo's counsel indicate frustration, but the court does not find that any of their emails are inappropriate. Contrary to Chandra's

1   characterization, they do not amount to coercion, harassment, or abuse. They certainly do not
2   contain threats to Chandra's safety so as to cause him concern for his personal well-being, and
3   Chandra does not identify any specific language that he believes to be threatening.

4   Kobo's counsel are litigating the case vigorously, but as the court noted in its prior order
5   (Docket No. 170), their conduct to date does not come close to the level that other courts have found
6   to warrant an admonition or sanction. *See, e.g.*, *Wilkins v. Barber*, No. 19-cv-1338 WBS KJN P,
7   2021 WL 4066048, at *3 (E.D. Cal. Sept. 7, 2021) (admonishing "[p]laintiff [who] ha[d]
8   consistently threatened defendant Barber and her attorney, referred to defendant . . . as a 'criminal,'
9   and inundated counsel with harassing, threatening and intimidating letters and emails."); *Hammler
10  v. Hernandez*, No. 19-cv-00616 SKO (PC), 2023 WL 6520269, at *9 (E.D. Cal. Oct. 5, 2023)
11  (collecting cases where courts admonished parties for using profanity and engaging in abusive
12  conduct). Moreover, Kobo was entitled to continue seeking the post-judgment discovery as the
13  court allowed in its June 23, 2025 order (Docket No. 153), even after Chandra filed his motion to
14  vacate (Docket No. 158). Chandra did not move to stay the case or seek a protective order pending
15  the outcome of that motion, and nothing in Civil Local Rule 7-9 provides that proceedings are
16  automatically stayed once a reconsideration motion is filed.

17  Next, Chandra argues that "[t]he Court's order at Dkt. 153 made clear that no additional
18  discovery briefing would be accepted absent leave from Mr. Chandra."[1] Mot. at 2. Chandra
19  misunderstands that order. On July 9, 2025, the court issued the following order:

> Having reviewed Rohit Chandra's . . . motion to vacate, the court construes the motion as a motion for reconsideration pursuant to Civil Local Rule 7-9. Accordingly, Kobo is not required to file a response, and matter is deemed submitted on the papers. Civ. L.R. 7-9(d) ('Unless otherwise ordered . . . , no response need be filed and no hearing will be held concerning a motion for leave to file a motion to reconsider.'). ***Chandra is prohibited from filing anything further on the motion unless so directed.***

25  [Docket No. 160 (emphasis added).] That order only prohibited Chandra from filing any more briefs
26  on his motion to vacate. It did not prohibit Chandra from participating in meet and confer sessions

---

[1] The June 23, 2025 order at Docket No. 153 made no such statement. The court assumes Chandra meant to refer to the July 9, 2025 order at Docket No. 160.

1    with Kobo or from filing joint discovery dispute letters that otherwise comport with the law and
2    court orders, including this court's standing order.[2]

3    Finally, the cases Chandra cites are inapposite and do not support the issuance of protective measures here. *Itel Containers International Corp. v. Atlanttrafik Express Service Ltd.*—which Chandra cites for the proposition that "courts may sanction parties for using legal processes to harass or unduly increase the cost of litigation, even where formal rule violations are not shown" (Mot. at 6)—makes no mention of sanctions at all. 909 F.2d 698, 699-700 (2d Cir. 1990) ("On appeal, plaintiffs contend (1) that the court should have found SCL liable on theories of joint venture, agency, or abuse of the corporate form; (2) that they were entitled to judgment against defendants . . . on the basis of maritime liens; and (3) that they were entitled to a default judgment . . . .").

*Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334 (9th Cir. 1985), also does not advance Chandra's argument. In fact, in that case the Ninth Circuit held that "the district court did not have authority under either its inherent powers or Rule 37(d) to impose sanctions . . . and exceeded the limits placed upon its discretion by due process in granting partial default judgment . . . ." *Id.* at 1343; *see id.* at 1338 (this case "d[id] not present the extreme circumstances that would justify imposition of a judgment of liability under the court's inherent power.").

Finally, *Metrokane, Inc. v. Built NY, Inc.* concerned a plaintiff that failed to produce emails that were "highly relevant to the claims and defenses in th[at] case, and there [wa]s no dispute that they c[a]me within the scope of [the defendant's] written discovery requests." No. 06 Civ. 14447(LAK)(MHD), 2008 WL 4185865, at *3 (S.D.N.Y. Sept. 3, 2008). Considering the plaintiff's conduct, the court "infer[red] at a minimum that it was negligent either in failing to produce documents available to it or in failing to preserve documents that it was obliged to safeguard." *Id.*

---

[2] As explained above, Chandra mistakenly claims that the July 9, 2025 order prevented him from participating in a meet and confer session with Kobo regarding post-judgment discovery disputes. This order makes clear that Chandra is not prohibited from meeting and conferring with Kobo's counsel, and indeed is required to do so. *See* Civ. L.R. 37-1(a); Judge Ryu's Standing Order at ¶ 14. The court denies as moot Kobo's unilateral discovery letter. [Docket No. 168.] The parties shall meet and confer and, if they are unable to resolve their discovery disputes, shall file a joint letter consistent with the standing order **by August 8, 2025**.

at 5. The court thus imposed sanctions in the form of a party admission, ordered further depositions, and allowed an adverse jury instruction. *Id.* As Kobo is not accused of withholding relevant and responsive evidence, *Metrokane* is factually distinguishable from the present case.

\* \* \*

For these reasons, the court denies Chandra's emergency motion for protective relief.

As a final note, by filing successive motions that have each been denied, Chandra has forced Kobo to expend an inordinate amount of time and expense defending against baseless assertions. Accordingly, the court orders the following: if Chandra wishes to file a motion that falls within the scope of the referral of discovery disputes to the undersigned, Chandra must first seek leave to do so. Kobo need not respond and no hearing will be held, unless and until the court so orders.

**IT IS SO ORDERED.**

Dated: July 25, 2025

Donna M. Ryu
Chief Magistrate Judge