Rohit Chandra, **Pro Se**
987 Rosa Ct.
Sunnyvale, CA 94086
Telephone: (408) 666-7232
rchandra@hotmail.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| POP TOP CORP., | Case No.: 20-CV-04482-YGR |
| Plaintiff, | |
| vs. | **MOTION TO STAY EXECUTION OF** |
| RAKUTEN KOBO INC., | **JUDGMENT PENDING APPEAL** |
| | **AND REQUEST FOR ARTICLE III** |
| Defendant. | **REVIEW** |

*This motion is respectfully directed to an Article III District Judge pursuant to Appellant's reservation of rights and non-consent to magistrate jurisdiction.*

# Contents

I. INTRODUCTION ................................................................................................................. - 3 -

II. PROCEDURAL BACKGROUND ...................................................................................... - 4 -

III. SOMETIMES THE SYSTEM FAILS ................................................................................. - 4 -

IV. LEGAL STANDARD .......................................................................................................... - 5 -

V. APPLICATION OF THE STANDARD: REASONS A STAY IS WARRANTED .............. - 6 -

  A. Appeal Raises Substantial Legal Questions About Post-Judgment Joinder ......................... - 6 -

  B. Movant Will Suffer Irreparable Harm Without a Stay ........................................................... - 6 -

  C. Judgment Creditor Will Not Be Prejudiced by a Temporary Stay ......................................... - 7 -

  D. Appeal Raises Serious Legal Questions ................................................................................. - 8 -

  E. Procedural Irregularities and Inability to Contest the Judgment Undermine Fairness ........... - 8 -

VI. SYSTEMIC BREAKDOWN AND IMPOSSIBILITY OF COMPLIANCE ........................ - 9 -

VII. FRUIT OF A POISONED TREE ........................................................................................ - 10 -

VIII. PROCEDURAL AND JURISDICTIONAL IMBALANCE UNDERSCORES THE NEED FOR A STAY ....................................................................................................................... - 11 -

IX. A TEMPORARY STAY WILL PROMOTE JUDICIAL ECONOMY AND AVOID DUPLICATIVE LITIGATION ............................................................................................ - 13 -

X. CONTINUED MISREPRESENTATIONS AND DUPLICATIVE ENFORCEMENT DEMAND A STAY .............................................................................................................. - 13 -

XI. REQUEST FOR ADMINISTRATIVE STAY .................................................................... - 14 -

XII. RESERVATION OF RIGHTS ............................................................................................ - 14 -

XIII. CONCLUSION .................................................................................................................... - 15 -

XIV. REQUEST FOR HEARING BEFORE DENIAL ............................................................... - 15 -

## I. INTRODUCTION

This motion is submitted in direct response to repeated judicial suggestions—most recently in Dkt. 170, and Dkt. 171—that a stay should be sought through a formal motion. Movant Rohit Chandra respectfully requests a temporary stay of all judgment enforcement and post-judgment discovery proceedings, pending resolution of his Federal Circuit appeal. A narrowly tailored stay will serve the interests of fairness, judicial efficiency, and proportionality, particularly given that the underlying judgment arose from proceedings in which Movant had no meaningful participation or opportunity to contest the liability or fees now being enforced.

Movant Rohit Chandra respectfully moves this Court to stay execution of the judgment pending resolution of his appeal in the United States Court of Appeals for the Federal Circuit (Case No. 2025-1392). Movant also respectfully requests that this motion be reviewed and decided by an Article III District Judge, not a Magistrate Judge, as it raises issues of judgment enforceability beyond the scope of discovery oversight.

Movant respectfully submits this narrowly scoped request in good faith and with urgency, as enforcement actions are proceeding against him individually—despite the fact that **he was added post-judgment, never received a hearing, did not control the underlying litigation, and continues to challenge the validity of the judgment on appeal**.

This is not a motion to relitigate the underlying case. It is a targeted and necessary request to pause post-judgment enforcement efforts that threaten to cause disproportionate and irreparable harm before the appellate process has run its course. Movant has never had an opportunity to contest the judgment through a hearing or evidentiary proceeding. This motion is a good-faith effort to maintain the status quo—not to obstruct—but to preserve judicial integrity and fairness.

Rakuten Kobo Inc.'s motion for writ of execution (Dkt. 154) remains pending, and Kobo continues to press forward with enforcement-related demands. As a pro se litigant challenging his post-judgment addition to the case. He also requests a brief administrative stay while this motion is under consideration.

Without any hearing on the merits and based on pervasive misrepresentations now embedded in the record, Movant has been held personally liable for $274,721.43. This Court has declined oral argument, denied evidentiary hearings, and allowed post-judgment enforcement to proceed—even as Movant continues to contest these proceedings in the Federal Circuit. Under these extraordinary circumstances, a brief stay is not only appropriate but essential. This request is not made lightly. It is narrowly scoped, time-limited, and based on concrete facts. Considering ongoing appeals and **the absence of any urgency on Kobo's part as evidenced by their own delays**, there is no prejudice in maintaining the status quo.

## II. PROCEDURAL BACKGROUND

This motion is filed in direct response to the Court's observation in Dkt. 170 that: *"Chandra did not seek a stay,"* and Dkt. 171 *"Chandra did not move to stay the case."* The Court previously entered an amended judgment adding Rohit Chandra as a judgment debtor in his individual capacity. Chandra has appealed that order and related post-judgment rulings to the Federal Circuit. Kobo has since escalated enforcement proceedings, while Movant's objections to execution and requests for protective relief remain pending before this Court.

## III. SOMETIMES THE SYSTEM FAILS

The judicial system is not infallible—innocent people have been wrongfully convicted and sentenced to life in prison due to systemic failures. While this is not a criminal case, the same structural imbalances—lack of process, unchecked representations, and denial of meaningful participation—can **produce profoundly unjust outcomes** in civil proceedings as well. Without procedural fairness, enforcement loses legitimacy.

Movant has been navigating enforcement without access to sealed filings, no legal support, and no meaningful opportunity to contest key issues. Even now, as Kobo moves to execute a $274,721.43 judgment, he seeks only what due process requires: **a pause until appellate review determines if enforcement is lawful**.

Movant has never been granted an oral hearing or meaningful opportunity to rebut the numerous factual misstatements and mischaracterizations presented by Kobo's counsel—who benefit from the institutional credibility of a major law firm. Without a hearing, the Court has repeatedly accepted these statements at face value, while Movant has been denied even the chance to respond in person.

The volume and severity of misrepresentations in this case are staggering, creating a false narrative that has repeatedly misled this Court and prejudiced Movant.

## IV.  LEGAL STANDARD[1]

A motion to stay enforcement of a judgment is governed by the traditional four-factor equitable test. As articulated by the Supreme Court in *Hilton v. Braunskill*, 481 U.S. 770 (1987), and applied by the Ninth Circuit in *Leiva-Perez v. Holder*, 640 F.3d 962 (9th Cir. 2011) *(applying the Nken standard)*, courts consider:

1. whether the movant has made a strong showing that he is likely to succeed on the merits;
2. whether the movant will be irreparably injured absent a stay;
3. whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
4. where the public interest lies.

These factors are not applied rigidly. A stronger showing on one factor may offset a weaker showing on another. Courts retain broad discretion to weigh all factors together and issue equitable relief as appropriate.

---

[1] Movant affirms that this motion was personally prepared. Because he does not have access to institutional legal research platforms such as Westlaw or Lexis, Movant used generative AI tools in a limited manner and to assist with citation lookup and identification of potentially relevant rules or authorities.

## V. APPLICATION OF THE STANDARD: REASONS A STAY IS WARRANTED

### A. Appeal Raises Substantial Legal Questions About Post-Judgment Joinder

The judgment against Pop Top Corp. was extended post hoc to include Movant personally, without prior notice or participation. This procedural step is the subject of an active appeal in the Federal Circuit (Case No. 2025-1392), which challenges the legality and fairness of that extension.

Movant respectfully submits that the likelihood of success on appeal is substantial. The Federal Circuit is reviewing a post-judgment order that added Movant as a new party and imposed personal liability of over $274,000 without formal joinder, notice, or service—based on factual assumptions contradicted by the record. The appeal raises serious due process concerns, including the denial of an opportunity to contest the underlying motions or fee award, and is grounded in precedent from the Ninth and Federal Circuits that prohibits post-judgment additions of parties without notice, service, or opportunity to be heard. Movant's Opening Brief (Fed. Cir. No. 25-1392) squarely presents these legal issues for appellate review, and there is no suggestion by the appellate court that the appeal is frivolous or foreclosed. Moreover, this Court has previously observed that Movant had not yet filed a motion for stay, indicating that such a motion was procedurally contemplated and would be ripe for judicial determination.

The appeal raises important and unresolved legal questions about whether post-judgment joinder of a nonparty as an alter ego — without notice, service, or participation — is permissible or reviewable

**Execution before that appeal is resolved would create irreversible prejudice.**

### B. Movant Will Suffer Irreparable Harm Without a Stay

Movant faces significant, irreversible harm if judgment enforcement proceeds now. He may lose assets, face compelled discovery, suffer credit damage, and continue bearing the burden of unrelenting threats despite *not being a party to the original litigation*. As a self-represented

individual, Movant has already devoted hundreds of hours to enforcement-related filings, often without access to sealed records or prior filings by counsel.

Every day, individuals receive hearings in small claims court for disputes ranging from $500 to $2,000. **Yet here, with a $274,721.43 personal judgment at stake, Movant has never once received a hearing. He has never once been afforded an opportunity to be heard. No oral argument. No evidentiary review. This asymmetry calls into question the fairness of enforcing the judgment *before* appellate resolution.**

Movant has never been granted an oral hearing or meaningful opportunity to rebut the numerous factual misstatements and mischaracterizations presented by Kobo's counsel—who benefit from the institutional credibility of a major law firm. Without a hearing, the Court has repeatedly accepted these statements at face value, while Movant has been denied even the chance to respond in person.

The judgment enforcement demands include overly broad, burdensome, and duplicative requests—such as production of all financial records, bank statements, cancelled checks, and *every payment* made or received—spanning many years and having little relevance to the enforceability of the judgment. Complying with these demands would not only require weeks of effort by a non-lawyer pro se litigant but also risk irreparable harm by disclosing sensitive personal and financial information far beyond what is necessary or appropriate.

### C. Judgment Creditor Will Not Be Prejudiced by a Temporary Stay

Rakuten Kobo is a global company represented by a major law firm; with a valuation of **$11,500 million** and seeks to collect a mere **$00.27 million** in this matter. The magnitude of **Kobo's financial resources relative to the judgment at issue** renders any claim of prejudice from a short enforcement delay impossible to comprehend.

Moreover, since the judgment was entered on March 28, 2022, Kobo has taken no action to collect against the original judgment debtor, Pop Top Corp. Its enforcement activity began only after Movant was added to the judgment post hoc through contested legal maneuvers and

- 7 -
MOTION TO STAY EXECUTION OF JUDGMENT PENDING APPEAL AND REQUEST FOR ARTICLE III REVIEW

is now focused exclusively on Mr. Chandra—a pro se individual who never had an opportunity to participate in the underlying proceedings.

Under these circumstances, a limited stay pending appellate review imposes no meaningful prejudice on Kobo. To the contrary, proceeding with enforcement before the appeal is resolved risks unnecessary burden and **potential reversal.**

### D. Appeal Raises Serious Legal Questions

The Federal Circuit appeal raises core questions of due process and jurisdiction, including:

- Whether Movant was denied procedural due process when added post-judgment;
- Whether he exercised control over Pop Top's litigation;
- Whether enforcement is permissible against a non-party added after judgment;
- Whether service, notice, and participation standards were met.

These issues are not technical. They go to **the heart of whether judgment enforcement is legally proper at all**.

### E. Procedural Irregularities and Inability to Contest the Judgment Undermine Fairness

In addition to raising serious legal questions, the underlying proceedings were marked by procedural irregularities that further support the need for a stay. Movant was personally added to a $274,721.43 judgment **without any hearing**, despite never having been a party to the underlying litigation or controlling its conduct. The motions to add him as a judgment debtor were **never served or shared with him**, either by Pop Top's counsel or Kobo's counsel—facts that are documented in the record (see, e.g., Dkt. 164 Page 8-9, and Exhibits A & B). **<u>Both sets of counsel declined to provide Movant with a copy of the motion to amend the judgment seeking to add Movant as a judgment debtor, despite his explicit requests.</u>** The Magistrate Judge's Report and Recommendation (R&R) recommending alter ego liability was subsequently adopted. **No actual evidence of co-mingling was presented**; the court accepted opposing counsel's representation as if it were evidence.

Movant's **requests for oral argument have been repeatedly denied**, and there has **never been a hearing in any court** concerning his individual liability. He was denied the opportunity to contest the fee amounts, even the court acknowledged that Pop Top's counsel "*submitted perfunctory objections of only a paragraph*" (see Dkt. 164, Page 14:10-12). This Court *by its own admission,* issued orders **based on assumptions** (without seeking clarification or affording Movant the chance to respond.) Most recently, this Court **refused to consider relevant evidence solely because it lacked a supporting declaration**, despite Movant being pro se—while accepting other evidence submitted without declarations. Movant has also **explicitly not consented to magistrate judge jurisdiction**, yet enforcement rulings are being made by a Magistrate Judge. Chandra objects to this.

## VI.   SYSTEMIC BREAKDOWN AND IMPOSSIBILITY OF COMPLIANCE

The accompanying declaration outlines the timing and scope of Kobo's recent enforcement activity, including a communication from yesterday with same day demands (not discussed further for brevity).

- Attached as **Exhibit A** is a true and correct copy of the *Requests for Production of Documents* (RFPs) propounded by Kobo. These RFPs were directed to me personally and reflect the ongoing burdensome post-judgment discovery at issue in this motion.
- Attached as **Exhibit B** is a true and correct copy of the *Interrogatories* propounded by Kobo. These Interrogatories were likewise directed to me personally and are duplicative, overbroad, and reflect the coercive nature of enforcement efforts.

Kobo's counsel has misrepresented their discovery conduct to this Court. This Court has admitted its *assumptions* and based a decision to deny quashing a subpoena based on Kobo's counsel's representation to the Court that prior discovery was not directed at Mr. Chandra's personal assets. Yet per the deposition transcript submitted in this Court as Dkt. 161-1, Ex. A, counsel for Kobo directly questioned Movant under oath about personal property ownership, title, purchase price, and rental income. Those questions were not isolated; they were part of

an extensive and deliberate inquiry into Movant's finances. Worse still, Kobo's current discovery demands seek virtually identical information, rendering them duplicative, harassing, and unnecessary. For example, Interrogatory No. 4 (Exhibit B, POST JUDGMENT INTERROGATORIES TO ROHIT CHANDRA, SET ONE) seeks detailed property disclosures even though Kobo has extensively deposed the Movant on this specifically (*See* Deposition Transcript) and contradictorily mis-represented to this Court that they obtained this information from publicly available sources.

See REQUEST FOR PRODUCTION (Exhibit A). Kobo's counsel asks for

- "*documents evidencing all payments made or received*" (RFP 3);
- "*All Documents.. from each and every financial institution (including banks, credit card companies…*" (RFP 1);
- "*All Documents relating to Judgment Debtor's monthly business and utility expenses, including, but not limited to, any lease or mortgage or other agreement, insurance expenses, cellular and landline telephone expenses, internet service expenses, satellite television expenses, water, gas and/or electric utility expenses, and all documents evidencing the payment of such expenses*" (RFP 16)

These requests are **so expansive as to be functionally limitless**. The burden of re-producing information already obtained, or which counsel is seeking, is not only substantial but irreparably prejudicial.

This reveals that the enforcement actions are not only **overbroad and burdensome**, but also **duplicative and unnecessary**. *I quite believe that it is humanly impossible to comply.*

## VII.   FRUIT OF A POISONED TREE

This enforcement proceeding is tainted by foundational distortions. Opposing counsel has repeatedly misrepresented key facts to this Court — including the nature of prior discovery, the procedural history, and Movant's actual role. These misstatements have already triggered **a pending motion for judicial inquiry in the Federal Circuit**. Proceeding with execution

MOTION TO STAY EXECUTION OF JUDGMENT PENDING APPEAL AND REQUEST FOR ARTICLE III REVIEW

while these misconduct allegations remain under active appellate review risks duplicative litigation and deepens the systemic harm. A stay is warranted to prevent enforcement built on a misrepresented record.

## VIII. PROCEDURAL AND JURISDICTIONAL IMBALANCE UNDERSCORES THE NEED FOR A STAY

Although due process violations have been separately discussed, the following section highlights deeper systemic asymmetries in how this enforcement dispute has been handled—raising institutional concerns about fairness, access, and equitable judicial administration. Movant has never consented to Magistrate Judge jurisdiction in his individual capacity. Although framed as discovery, all post-judgment enforcement has proceeded before the assigned magistrate judge, with consequences reaching far beyond discovery. Procedurally, the Court has:

- **Repeatedly denied Movant's requests for oral argument**;
- The Court's treatment of Movant's filings has not been consistent. On some occasions, filings submitted without a declaration were considered without issue; on others—including a motion expressly about the subpoena itself—the Court declined to consider attached evidence, citing the absence of a supporting declaration. This inconsistency is especially troubling given that the subpoena was central to the relief requested and a copy was attached. The Court did not request clarification or offer an opportunity to cure the purported deficiency before issuing an adverse ruling. Movant remains pro se and has made every effort to comply in good faith. He respectfully submits that critical evidence should not be disregarded based solely on format, particularly where prior judicial practice has varied.
- Blocked Movant from filing discovery-related motions without prior leave, while allowing Kobo to file without such restriction;

- Excused opposing counsel's belligerence and bullying as mere "frustration," while warning pro se Movant of sanctions for acknowledged good-faith missteps.

Far from abusing the system, Movant has done his best to follow procedure, respond diligently, and avoid error — with no legal training or institutional support.

Kobo's counsel has made repeated factual misstatements in its filings, which have been accepted at face value—likely due to the institutional credibility of its firm. Movant, a pro se litigant, has never been granted a hearing or any meaningful opportunity to rebut these statements in person. This structural imbalance exacerbates the risk of error and supports the need for a temporary stay.

As a pro se litigant without access to institutional resources or legal staff, preparing even a modest motion in this case requires Movant to devote over 20 hours of focused time—often far more. That time burden is not theoretical: it has been multiplied by Kobo's approach to judgment enforcement, which has included duplicative, overbroad demands and ongoing misrepresentations that require detailed rebuttal to preserve the record. The cumulative impact is one of exhaustion by design, not necessity. While Movant remains committed to defending his rights and complying with legitimate obligations, Movant respectfully asks the Court to consider this asymmetric burden as it evaluates the need for temporary relief from further enforcement escalation. These are not automated documents. Generative tools were used in part to assist with citation and rules' lookup. The arguments, structure, and case-specific content are Movant's own. If the Court perceives that filings are being churned out effortlessly, Movant respectfully clarifies that they are the product of painstaking, extended effort made under duress. Movant respectfully submits that ongoing burdens on the Court and the parties stem not from his conduct, but from opposing counsel's repeated misstatements, procedural gamesmanship, belligerent and bullying communications, and incessant, duplicative demands. A stay would preserve judicial resources while appellate review proceeds.

## IX. A TEMPORARY STAY WILL PROMOTE JUDICIAL ECONOMY AND AVOID DUPLICATIVE LITIGATION

In addition to the legal and procedural concerns described above, a short administrative stay would serve the interests of judicial efficiency. The judgment at issue is already on appeal before the Federal Circuit, where the underlying rulings—including the basis for enforcement—are under direct review.

In the meantime, continued enforcement efforts in this Court risk triggering further motion practice and discovery-related disputes, placing an unnecessary burden on the parties and the Court alike. Movant remains actively engaged in protecting his rights and anticipates the need to respond to renewed enforcement attempts while the appeal is pending.

A brief stay would help **streamline proceedings, minimize parallel litigation, and conserve judicial resources**. It would allow the appellate process to unfold in an orderly fashion without requiring this Court to address enforcement questions that *may ultimately be mooted or reversed*.

## X. CONTINUED MISREPRESENTATIONS AND DUPLICATIVE ENFORCEMENT DEMAND A STAY

Judgment Creditor's counsel has repeatedly misrepresented material facts to this Court, including the scope and nature of prior discovery. (A Judicial Inquiry motion is already pending in the Appeals Court.) In Dkt. 153, this Court explicitly noted that Kobo's counsel represented that prior discovery was not directed at Chandra's personal assets. That representation was knowingly false.

In reality, prior discovery already included detailed deposition questioning regarding Chandra's personal property, ownership interests, purchase prices, rental income, and other financial matters. Judgment Creditor's current discovery requests—including interrogatories and demands for "all payments made or received by Judgment Debtor" and all documents "identifying assets held in any capacity"—are materially duplicative.

Moreover, in Federal Circuit filings, Kobo's counsel has falsely suggested that they obtained such asset-related information solely from "public records," further compounding the misrepresentation. These contradictions are not trivial—they mislead the Court, and they distort the procedural narrative.

A stay is warranted not only because of the pending appeal and legal uncertainty, but also because proceeding now would allow these misrepresentations to multiply harm. The burden of defending against repeated, overlapping discovery requests—despite prior compliance—would irreparably harm Movant, especially under threat of contempt or sanctions for alleged "non-cooperation." This is not legitimate enforcement. It is procedural harassment.

Continuing in parallel with duplicative and misrepresented enforcement would also waste judicial resources and potentially conflict with rulings from the pending appeal. At minimum, the integrity of this Court's process requires a temporary pause to prevent ongoing prejudice while these issues are adjudicated fully.

## XI. REQUEST FOR ADMINISTRATIVE STAY

Movant respectfully requests that the Court issue an interim **administrative stay** while this motion is under review, including a pause on discovery, enforcement communications, and any ruling on Dkt. 154.

## XII. RESERVATION OF RIGHTS

Movant respectfully reserves the right to seek protective relief, including through a separate motion for protective order under Rule 26(c), and to pursue a future motion for sanctions based on the pattern of conduct documented in the record. These rights are preserved without waiver.

Movant also respectfully objects to any implication or suggestion that his filings impose undue costs on Kobo or constitute improper post-judgment conduct. Each motion has been narrowly tailored, filed in direct response to enforcement activity or misrepresentations, and

grounded in good faith. Any burden to Kobo stems from its own litigation strategy and procedural choices, not from frivolous or dilatory conduct by Movant.

Movant preserves this objection for appellate review.

## XIII. CONCLUSION

For the reasons stated above, Movant respectfully requests that the Court:

1. Stay judgment enforcement pending final resolution of the Federal Circuit appeal (Case No. 2025-1392);
2. Issue a temporary administrative stay while this motion is pending;
3. Ensure that this motion is reviewed and decided by an Article III District Judge;
4. Grant any other relief the Court deems just and proper.

## XIV. REQUEST FOR HEARING BEFORE DENIAL

Movant has never been afforded any hearing on this matter at any stage — not before being added as a judgment debtor, not during enforcement, and not in connection with any discovery dispute. If the Court is inclined to deny this motion, Movant respectfully requests an opportunity to be heard — in person, by telephone, or by video — ***before any such denial issues***.

A brief hearing would enable the Court to clarify procedural posture, resolve any misunderstandings, and address factual representations more efficiently than further written briefing.

Movant has made every effort to present this request concisely and clearly and apologizes to the Court for any redundancies. Each filing requires painstaking labor, not out of excess, but necessity—because misrepresentations must be individually countered to preserve the record. The sheer volume and frequency of such misrepresentations has forced Movant to invest significant time and effort into researching, documenting, and clarifying the record—tasks that would ordinarily not be required but for the other side's distortions. This burdensome process consumes valuable time, deepens procedural imbalance, and further exacerbates the

asymmetry between the parties. If any aspect of this motion requires clarification, Movant respectfully requests that the Court issue a brief order or notice identifying such questions **before denying the motion.**

Respectfully submitted,

*/s/ Rohit Chandra*
Rohit Chandra
*Pro Se*
July 30, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all registered counsel of record.

DATED: July 30, 2025

                                                  */s/ Rohit Chandra*
                                                  Rohit Chandra