Joshua L. Raskin (admitted *pro hac vice*)
raskinj@gtlaw.com
Vimal M. Kapadia (admitted *pro hac vice*)
kapadiav@gtlaw.com
GREENBERG TRAURIG, LLP
One Vanderbilt Avenue
New York, NY 10017
Telephone: 212.801.9200
Facsimile: 212.801.6400

Marcin Kedziora (admitted *pro hac vice*)
kedzioram@gtlaw.com
GREENBERG TRAURIG, LLP
360 North Green Street, Suite 1300
Chicago, IL 60607
Telephone: 312.456.8400
Facsimile: 312.456.8435

Michael Hogue (272083)
hoguem@gtlaw.com
GREENBERG TRAURIG, LLP
101 Second Street, Suite 2200
San Francisco, CA 94105
Telephone: 415.655.1300
Facsimile: 415.707.2010

*Attorneys for Defendant
Rakuten Kobo Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| POP TOP CORP., <br><br> Plaintiff, <br><br> v. <br><br> RAKUTEN KOBO INC., <br><br> Defendant. | Case No. 4:20-cv-04482-DMR <br><br> **DEFENDANT RAKUTEN KOBO INC.'S RESPONSE TO CHANDRA'S MOTION TO STAY EXECUTION OF JUDGMENT** |

1    Over three years ago, the Court entered an Order Awarding Attorneys' Fees ("Order" or "Judgment") directing Pop Top Corp. ("Pop Top") to pay $274,721.43 to Rakuten Kobo Inc. ("Kobo") within 30 days. D.I. 77 at 7:1–4. On August 15, 2024 – almost one year ago – this Court adopted the Magistrate Judge's Report and Recommendation and granted Kobo's Motion to Amend Judgment and add Rohit Chandra ("Chandra") as a judgment debtor. D.I. 134. To date, neither Pop Top nor Chandra has made any effort to comply with this Court's Order and pay Kobo the amount awarded by the Court.

Instead, over the last three years, Chandra has engaged in pervasive efforts to frustrate and delay post-judgment discovery and collection efforts directed initially against Pop Top, and now against Chandra. Chandra has refused to respond to post-judgment discovery based on his rejected assertion that merely having an appeal pending—along with a procession of repetitive motions, regardless of the Court's admonitions or how many motions are denied (*see, e.g.*, D.I. 146, 153, 155–156, 158–161, 172–173, 175)—"justifies" a stay in the absence of an explicit order conditioning any stay on posting a bond. To conclusively resolve this aspect of post-judgment enforcement, Kobo respectfully requests the Court enter an order that Chandra must post a bond for the full amount of this Court's fee award in order to obtain a stay. As discussed below, Chandra cannot "'objectively demonstrate' the reasons for departing from the usual requirement of a full supersedeas bond." *Erickson Prods. Inc. v. Kast*, No. 13-cv-05472-DMR, 2024 WL 4752095, at *1 (N.D. Cal. Oct. 8, 2024)

### I.    CHANDRA SHOULD BE REQUIRED TO POST A BOND TO OBTAIN A STAY

Pursuant to Rule 62(b), "a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b). Posting a bond or other security is the "usual requirement." *Erickson Prods.*, 2024 WL 4752095, at *1. "A supersedeas bond ensures that the appellee will be able to collect the judgment plus interest should the court of appeals affirm the judgment." *Id.*; *see also Sarver v. Hurt Locker LLC*, No. 10-cv-09034-JHN-JCX, 2012 WL 12892147, at *2 (C.D. Cal. Feb. 2, 2012) (citing *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988)) ("The purpose of the supersedeas bond is to 'protect[ ] the prevailing [party] from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment.'"); *Hines v. California Pub. Utilities Com'n*, No. 07-cv-04145-CW, 2010 WL 3565498, at *1 (N.D. Cal. Sept. 10, 2010) (citing *Am. Mfrs. Mut. Ins. Co. v. Am.*

*Broadcasting–Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966)) ("[A] party taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Fed. R. Civ. P. 62(d).").

To obtain a stay of execution, Chandra should be required to post a bond. Chandra does not and cannot claim he is unable to post a bond or other security. Admittedly, Chandra owns at least eight properties, with a combined value (according to Zillow) exceeding $5.2 million, including Chandra's primary residence valued at over $2.7 million. According to public records, Chandra conveyed the title to his properties to "Rohit Chandra, as Trustee of the Wazoo Kalamazoo Living Trust" in 2022 and 2023, while this litigation has been pending. Moreover, Chandra has been baselessly refusing produce even the basic records relating to his personal finances, such as bank account records and statements, and leases, rent rolls, and payment records relating to Chandra's rental properties. *See, e.g.*, D.I. 177. At every step, Chandra has attempted to delay and frustrate post-judgment discovery, forcing Kobo to spend significant resources to respond to Chandra's filings and assertions, and even prompting Judge Ryu to prohibit Chandra from further discovery-related filings without leave of Court and ordering that Kobo need not respond unless instructed to do so by the Court. D.I. 171 at 4. The supersedeas bond or other security would protect Kobo from the risk that Chandra could try to further move or attempt to hide his assets and later claim they are uncollectible, and to compensate Kobo for the delay in obtaining a payment of $274,721.43 awarded more than three years ago.

## II. CHANDRA HAS NOT AND CANNOT OBJECTIVELY DEMONSTRATE ANY REASONS FOR DEPARTING FROM THE USUAL REQUIREMENT OF A FULL SUPERSEDEAS BOND

Chandra seeks a stay of execution of a money judgment without a bond based on an inapplicable "four-factor equitable test." D.I. 172 at 5:10–22 (citing *Hilton v. Braunskill*, 481 U.S. 770 (1987); *Leiva-Perez v. Holder*, 640 F.3d 962 (9th Cir. 2011)). That "four-factor equitable test" applies to stays of enforcement of *injunctive* judgments, not of monetary judgments. *Neo4j, Inc. v. Purethink, LLC*, No. 18-cv-7182-EJD, 2024 WL 5077107, at *1 (N.D. Cal. Dec. 10, 2024) ("Notably, the standard for examining whether to stay the enforcement of an injunctive judgment without a bond is different and

inapplicable here.").

Stays of execution on money judgment without a bond are granted only in "unusual circumstances." *Zoellner v. City of Arcata*, No. 18-cv-04471-JSC, 2024 WL 4700633, at *2 (N.D. Cal. Nov. 5, 2024) ("When no bond is posted, grant or denial of a stay is 'a matter strictly within the judge's discretion'" but unsecured stays are granted "only in 'unusual circumstances.'") (citations omitted). Thus, to obtain a stay of money judgment without a bond, Chandra must "'objectively demonstrate' the reasons for departing from the usual requirement of a full supersedeas bond." *See Erickson Prods.*, 2024 WL 4752095, at *1 ("Therefore, under Rule 62(b), Kast must post a bond in order to stay enforcement of the February 12, 2021 judgment. He has not done so. In the alternative, Kast must '"objectively demonstrate" the reasons for departing from the usual requirement of a full supersedeas bond.'") (citations omitted).

"[W]hen examining whether to stay the enforcement of a monetary judgment without a bond, district courts [in the Ninth Circuit] have largely adopted the factors laid out in *Dillon v. City of Chicago*, 866 F.2d 902 (7th Cir. 1988)." *Neo4j*, WL 5077107, at *1. Under *Dillon*, courts consider:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Dillon*, 866 F.2d at 904–05 (citations and quotations omitted).

Chandra does not address any of the *Dillon* factors in his Motion, which alone should be dispositive. Instead, Chandra argues that his "appeal raises important and unresolved legal questions," that Chandra will suffer irreparable harm without a stay, and that Kobo will not be prejudiced by a stay. *See, e.*g., D.I. 172 at 6:20–28. Chandra's arguments are not only irrelevant to evaluation of a motion for a stay, but also incorrect. Chandra simply attacks this Court's ruling adding Chandra as a judgment debtor and rehashes the same baseless arguments he has raised before, both in this Court and on appeal. Such repeated arguments include, among others, that no evidentiary hearing was held, that Chandra was not a party to the underlying litigation, that the alter ego finding is defective, and Chandra

supposedly did not have notice of filings. *See e.g.*, *id*. at 1, 3, 5–7, 8; *see also* D.I. 143, D.I. 164. But this Court already denied Chandra's motion for reconsideration raising substantially the same arguments. D.I. 144.

Chandra's assertion that he will suffer irreparable harm without a stay because "[h]e may lose assets, face compelled discovery, suffer credit damage, and continue bearing the burden of unrelenting threats despite *not being a party to the original litigation*" is equally misplaced. D.I. 172 at 6:25–28 (emphasis in original). Chandra's purported "irreparable harm" is "essentially financial in nature," which is not "sufficient to support the issuance of a stay." *In re Plant Insulation Co*., 485 B.R. 203, 238 (N.D. Cal. 2012) ("It is well established, however, that such monetary injury is not normally considered irreparable.") (citations omitted); *see also In re Clean Water Act Rulemaking*, No. 20-cv-04636 WHA, 2021 WL 5792968, at *7 (N.D. Cal. Dec. 7, 2021) ("Monetary harm is not typically considered irreparable . . ."); *E. Bay Sanctuary Covenant v. Trump*, 950 F.3d 1242, 1280 (9th Cir. 2020); *In re Rice*, No. 8:20-cv-00765-ODW, 2020 WL 2061776, at *2–3 (C.D. Cal. Apr. 29, 2020); *Holmes v. Harris*, No. 18-cv-3739-PSG, 2021 WL 2272395, at *1 (C.D. Cal. May 19, 2021) (denying motion to stay pending appeal after "various proceedings surrounding Judgment Creditor's collection attempts and Judgment Debtor's attempts to avoid collection."). The purported "harms" asserted by Chandra are the result of Chandra's refusal to comply with this Court's fee award and are no different than those faced by any judgment debtor in virtually every enforcement proceeding. Finally, Chandra's suggestion that Kobo will not be prejudiced by yet another delay ignores that Kobo has been forced to expend immense time, effort, and resources to enforce the fee award that remains unpaid after more than three years. The Court agrees. *See, e.g*., D.I. 171 at 4:6–7 ("As a final note, by filing successive motions that have each been denied, Chandra has forced Kobo to expend an inordinate amount of time and expense defending against baseless assertions."). Kobo should not be forced to wait any longer.

On the other hand, when the five *Dillon* factors are properly examined, Chandra has not and cannot "objectively demonstrate" any reasons for departing from the usual requirement of a full supersedeas bond. Chandra has "presented no evidence regarding the *current* ability to pay the amount of the outstanding Judgment." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, No.

16-cv-00236-WHO, 2024 WL 476928, at *2 (N.D. Cal. Feb. 7, 2024) (emphasis added). Although Chandra appears to own several real properties, Chandra has already moved much of his $5.2 million real estate portfolio into a trust. Chandra has not produced any records related to his real estate, and it is currently unknown how much equity, if any, Chandra has in the portfolio. Moreover, Chandra has refused to produce even basic records regarding his personal finances. His actions to date suggest that he is not transparent or forthcoming about his finances or the "availability of funds to pay the judgment." *Dillon*, 866 F.2d at 904. Similarly, Chandra's continued "refusal to engage with [Kobo's] counsel about how [he] intend[s] to satisfy the [judgment] if this final appeal is unsuccessful" indicates that the collection process will be "complex and take significant time." *Planned Parenthood*, 2024 WL 476928, at *2 (denying request for unsecured stay based largely on analysis of the first three *Dillon* factors). The absence of a showing of hardship from Chandra should be dispositive of these factors. Indeed, even if Chandra was able to demonstrate financial hardship – he has not – that would still not justify a stay without bond. *See, e.g., See Sarver*, 2012 WL 12892147, at *3 ("The Court is sympathetic to the financial hardship to Plaintiff. However, the Court cannot place Defendants' statutory right to recovery at risk solely on the basis of Plaintiff's ability to pay. Indeed, it may be an abuse of discretion to do so.").

Moreover, in cases such as this where Chandra has been unwilling to participate in the collection process, a full supersedeas bond has been required to obtain a stay. *See, e.g., Sarver*, 2012 WL 12892147, at *3 (quoting *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 760 (D.C. Cir. 1980) (stating that "a full supersedeas bond should be the requirement in normal circumstances, such as where there is some reasonable likelihood of the judgment debtor's inability or *unwillingness* to satisfy the judgment ....")) (emphasis added). The delays caused by Chandra's conduct, both in this Court and in the appeal, also weigh in favor of denying a stay absent a bond. *See Planned Parenthood*, 2024 WL 476928, at *3 ("Finally, the equitable concerns – most significantly the delays plaintiffs have already tolerated while defendants exhausted appellate procedures – weigh in favor of imposing a new, significant bond to secure a large part of the outstanding Judgment."). Thus, Chandra should be required to post a bond. *See, e.g., Sarver*, 2012 WL 12892147, at *3 (declining to

waive bond requirement where "Plaintiff has neither posted a supersedeas bond nor offered any form of substitute security. Furthermore, Plaintiff has not articulated an argument for discretionary waiver of the bond requirement based on the [*e*] factors."); *Teleport Mobility, Inc. v. Sywula*, No. 21-cv-00874-SI, 2025 WL 1745247, at *5 (N.D. Cal. Jun. 24, 2025) (denying request to stay execution of judgment unless the judgment debtor posted a $750,000 bond); *Soares v. Lorono*, No. 12-cv-05979-WHO, 2015 WL 1247020, at *3 (N.D. Cal. Mar. 18, 2015) (denying motion to stay execution without a bond where "the judgment in this case results from [Plaintiff's] longtime failure to pay monies owed to the defendants.").

Finally, while the Court may in its discretion deny Chandra's Motion, the history of this matter, and Chandra's willingness to contort any ruling or minute order of the Court to justify refusing to comply with post-judgment discovery, justifies a more conclusive ruling. Indeed, Chandra's most recent reply in support of his own procedurally improper "administrative" motion for injunctive relief to stay discovery pending a ruling on the present Motion includes a cavalcade of unsupported excuses for why Chandra need not respond to discovery. D.I. 175. However, Chandra's reply brief fails to cite a single case for any of its contentions, instead attempting to rewrite the history of this case while casting aspersions at Kobo's counsel as well as the Court itself. Absent an explicit, direct order to post a full cost bond, it is clear Chandra will continue to obstruct the legal process.

### III. CONCLUSION

Chandra cannot demonstrate any unusual circumstances that would merit departure from the requirement of a full supersedeas bond. To the contrary, a bond is particularly appropriate here where Chandra has been continuously attempting to evade enforcement, both against Pop Top and now against Chandra himself. Unless Chandra posts a bond in the full amount of the judgment, a stay of post-judgment discovery and of execution of the writ is unwarranted.

DATED: August 12, 2025                                    GREENBERG TRAURIG, LLP

                                                          By: */s/ Joshua L. Raskin*
                                                          Joshua L. Raskin (admitted *pro hac vice*)

Vimal M. Kapadia (admitted *pro hac vice*)
Marcin Kedziora (admitted *pro hac vice*)
Michael Hogue

*Attorneys for Defendant Rakuten Kobo Inc.*