UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POP TOP CORP,<br><br>       Plaintiff,<br><br>   v.<br><br>RAKUTEN KOBO INC.,<br><br>       Defendant. | Case No. 20-cv-04482-YGR   (DMR)<br><br>**ORDER REGARDING RAKUTEN KOBO INC.'S REQUEST FOR ISSUANCE OF WRIT OF EXECUTION AGAINST POP TOP CORP. AND ROHIT CHANDRA**<br><br>Re: Dkt. No. 154 |

On June 30, 2025, Defendant Rakuten Kobo Inc. ("Kobo") filed a Request for Issuance of Writ of Execution, seeking $288,534.27. [Docket No. 154 (Request); Docket No. 154-1 (writ of execution).] Judgment Debtor Rohit Chandra filed an opposition, and Kobo filed a reply. [Docket No. 164 (Opp'n); Docket No. 165 (Reply).] Kobo's reply also seeks writs of execution directed to the counties of Sacramento and Stanislaus. Reply at 5; Docket No. 166-1 (writs of execution).

The court finds this matter suitable for disposition without oral argument. Civ. L.R. 7-1(b). Having considered the parties' arguments, the relevant legal authority, and the record in this case, the court orders the clerk of court to enter the writ of execution, but only directed to property located in Santa Clara County (Docket No. 154-1).

## I.     BACKGROUND

On June 25, 2021, the court granted summary judgment in favor of Kobo, and entered judgment accordingly. [Docket Nos. 50, 54.] On March 28, 2022, the court found that Kobo was entitled to $274,721.43 in attorneys' fees under the Patent Act and ordered Plaintiff Pop Top Corp. ("Pop Top") to pay Kobo within 30 days. [Docket No. 77.] The Federal Circuit affirmed the attorneys' fees award. *Pop Top Corp. v. Rakuten Kobo Inc.*, Case No. 22-1688, Docket No. 39.

After Pop Top failed to timely pay the fees, Kobo moved to amend the judgment to add Pop

Top's principal, Chandra, as a judgment debtor, assign Pop Top's patents to Kobo, and hold Pop Top and Chandra in civil contempt for failure to timely pay the attorneys' fees. [Docket No. 107.] After Chandra declined to consent to magistrate judge jurisdiction (Docket No. 119), the undersigned issued a report and recommendation that the district judge grant Kobo's motion to add Chandra as a judgment debtor and deny without prejudice Kobo's motion to hold Pop Top and Chandra in civil contempt and to assign Chandra's patents in partial satisfaction of the judgment (Docket No. 121).

The case was reassigned to the Honorable Yvonne Gonzalez Rogers. [Docket No. 122.] On August 15, 2024, Judge Gonzalez Rogers adopted the undersigned's report and recommendation in full and added Chandra as a judgment debtor. [Docket No. 134.] In particular, Judge Gonzalez Rogers found that Chandra was an alter ego of Pop Top and that adding Chandra as a judgment debtor would not violate his due process rights. *Id.* at 3-11. Judge Gonzalez Rogers thus granted Kobo's motion to add Chandra as a judgment debtor. *Id.* at 12.

Since then, Chandra has filed a number of motions seeking to avoid payment of Kobo's fees, including a motion for reconsideration, motion to quash, motion to vacate, "motion for admonishment," and an "emergency motion for protective relief," none of which have been meritorious. [Docket Nos. 143, 144, 146, 153, 158, 161, 169, 170, 171.]

## II.   LEGAL STANDARD

"A money judgment is enforced by a writ of execution, unless the court directs otherwise." Fed. R. Civ. P. 69(a)(1). "The procedure on execution . . . must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id.*

California law provides that, "after entry of a money judgment, a writ of execution shall be issued by the clerk of the court, upon application of the judgment creditor." Cal. Civ. Proc. Code § 699.510(a). "Except as otherwise provided by law, all property of the judgment debtor is subject to enforcement of a money judgment." Cal. Civ. Proc. Code § 695.010(a); *see* Cal. Civ. Proc. Code § 699.710 ("Except as otherwise provided by law, all property that is subject to enforcement of a money judgment . . . is subject to levy under a writ of execution to satisfy a money judgment."); *Office Depot Inc. v. Zuccarini*, 596 F.3d 696, 701 (9th Cir. 2010) ("Under [California Civil

2

Procedure Code sections 695.010(a) and 699.710], all property of a judgment debtor can be used to satisfy a writ of execution.").

"In most cases, the issuance of the writ is a ministerial act which the clerk has no discretion to refuse. . . . Judicial action is only required if the judgment is conditional, or if there is some question regarding the value of the judgment." *UA Loc. 342Joint Lab.-Mgmt. Comm. v. Roeber's, Inc.*, No. C 11-04225 LB, 2013 WL 6073504, at *1 (N.D. Cal. Nov. 8, 2013) (citing *In re Marriage of Farner*, 216 Cal. App. 3d 1370, 1376 (1989)).

### III.   DISCUSSION

#### A.   Entry of Writs of Execution

Chandra opposes entry of the requested writs of execution. The majority of his opposition brief consists of rehashed unsuccessful arguments, including that Chandra is not a party or judgment debtor[1], the judgment is unenforceable or premature while Chandra's appeal is pending, Kobo's counsel engaged in misconduct, and his counsel failed to apprise him of court orders. [*Compare* Opp'n at 3, 8 (Chandra not a party or judgment debtor) *with* Docket Nos. 146 & Docket No. 152 at 9; *compare* Opp'n at 3, 8, 13 (judgment unenforceable pending appeal) *with* Docket No. 146 at 2 & Docket No. 152 at 10-11; *compare* Opp'n at 5, 15 (misconduct by Kobo's counsel) *with* Docket No. 158 at 2 & Docket No. 161; *compare* Opp'n at 8-11 (counsel's failure to provide Chandra with court filings) *with* Docket No. 143 at 2-7.] The court has already rejected each of these arguments (Docket Nos. 144, 153, 170, 171) and declines to revisit them now.

Chandra also contends that he did not receive personal notice of Kobo's motion to hold Pop Top and Chandra in civil contempt and amend the judgment (Docket No. 107) and motion to assign patents in partial satisfaction of court's order (Docket No. 108). Opp'n at 3, 15. He further asserts that the court was required to hold an evidentiary hearing before finding alter ego liability. *Id.* at 3, 6-7. These arguments are unavailing, as Chandra clearly had notice of the motions and had ample

---

[1] Chandra argues that Kobo's application for writ of execution is procedurally defective because Kobo did not submit an amended judgment or attach a declaration establishing a basis for enforcing the judgment against him personally. Opp'n at 14. The court's prior order establishes that the judgment was amended to name Chandra as a judgment debtor. [Docket No. 153 at 4.] Kobo was thus not required to submit an amended judgment or declaration.

3

opportunity to be heard. Chanda opposed both motions (Docket Nos. 109, 110), personally appeared at the hearing upon the court's order (Docket Nos. 115, 118), and had an opportunity to object to the undersigned's report and recommendation (Docket No. 121).[2] He thus has had a full and fair opportunity to be heard.

### B.      Chandra's Request for Protective Relief

Chandra argues that "[a] limited stay would prevent further prejudice" and thus requests "an order halting enforcement pending appeal." Opp'n at 15 (citing Fed. R. Civ. P. 26(c)).

"At any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(a). "A supersedeas bond ensures that the appellee will be able to collect the judgment plus interest should the court of appeals affirm the judgment." *Opticurrent, LLC v. Power Integrations, Inc.*, No. 17-CV-03597-EMC, 2019 WL 2389150, at *25 (N.D. Cal. June 5, 2019), *aff'd*, 815 F. App'x 547 (Fed. Cir. 2020). Chandra has not posted a bond, nor does he argue that one is not required here. There is no basis to grant Chandra's request for a limited stay of the undersigned's ruling on Kobo's motion for issuance of writ of execution.[3]

### C.      Magistrate Judge Jurisdiction

Chandra argues that he did not consent to magistrate judge jurisdiction, and that "[m]ajor rulings are being made without oversight by the district judge." Opp'n at 14. Chandra misunderstands the authority exercised by the undersigned in making discovery rulings in this case.[4]

---

[2] Moreover, as the court previously explained, courts are not required to hold oral argument. [Docket No. 170 at 8-9 (citing Civ. L.R. 7-9(b); collecting cases).]

[3] Chandra's request to stay execution of judgment pending appeal, in which Chandra seeks "a temporary stay of all judgment enforcement and post-judgment discovery proceedings" until his Federal Circuit appeal has been resolved, was recently denied by Judge Gonzalez Rogers. [Docket No. 172 at 1; Docket No. 184.]

[4] Judge Gonzalez Rogers referred "all discovery matters" to the undersigned, including all of the then-pending motions related to post-judgment matters: "the . . . motion to quash subpoenas, for a protective order on interrogatories, and to quash debtor's examination, with requests for sanctions." [Docket No. 148; *see id.* ("Hereafter, all further discovery matters shall be filed pursuant to the assigned Magistrate Judge's procedures.").] Chandra's opposition to Kobo's request for an issuance of a writ of execution is, in essence, equivalent to a motion to quash a writ of execution.

The Ninth Circuit has not yet determined whether a motion to issue or to quash a writ of execution is a nondispositive matter that may be addressed through an order pursuant to 28 U.S.C. § 636(b)(1)(A), or a dispositive matter that must be presented as a report and recommendation under

Pursuant to 28 U.S.C. § 636(b)(3), "[a] magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." To that end, "[i]t is common in this District and Circuit to delegate all or parts of post-judgment enforcement—especially discovery—to magistrate judges." *JW Gaming Dev., LLC v. James*, 544 F. Supp. 3d 903, 925 (N.D. Cal. 2021) (collecting cases). "This referral procedure does not offend Article III or the parties' rights because a magistrate exercising 'additional duties' jurisdiction remains constantly subject to the inherent supervisory power of the district judge and the judge retains the ultimate responsibility for decision making in every instance." *Id.* (cleaned up). Judge Gonzalez Rogers referred "all discovery matters" to the undersigned. [Docket No. 148 at 1.]

Thus, "[e]ven if [Chandra] had not consented to magistrate jurisdiction, a magistrate judge is authorized by statute and federal and local civil rules to decide non-dispositive pretrial matters – concerning discovery issues, for example – without the need for the parties' consent." *Harper v. Trumbull*, No. 23-CV-02623-HSG, 2024 WL 332906, at *2 (N.D. Cal. Jan. 29, 2024), *reconsideration denied*, No. 23-CV-02623-HSG, 2024 WL 1335192 (N.D. Cal. Mar. 28, 2024), *appeal dismissed*, No. 24-2123, 2024 WL 4018201 (9th Cir. Aug. 28, 2024) (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; Civ. L.R. 72-1; *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990)).[5] This argument is therefore without merit.

---

28 U.S.C. § 636(b)(1)(B) and (C). However, in an unpublished opinion, the Ninth Circuit suggests that a magistrate judge may issue a nondispositive order under these circumstances. *See Bank Tejarat v. Varsho-Saz*, 981 F.2d 1257 (9th Cir. 1992) (reversing magistrate judge's order denying claim of exemption where "[t]he record contain[ed] no indication that the district court designated the magistrate to enter postjudgment orders or that the parties ever consented to such an exercise of jurisdiction.") (citing 28 U.S.C. § 636(c)); *see also Federal Trade Comm'n v. Ivy Capital, Inc.*, No. 11-cv-00283-JCM-NJK (D. Nev.), Docket No. 515 (magistrate judge issuing nondispositive order on motion to quash writs of continuing garnishment).

[5] Both Pop Top and Kobo consented to magistrate judge jurisdiction early in the case, and the undersigned presided over the case through entry of judgment and in connection with Kobo's motion for attorneys' fees. [Docket Nos. 7, 20.] After Pop Top's counsel moved to withdraw and after Chandra personally appeared at the hearing on that motion, the undersigned ordered Chandra to file a consent or declination to magistrate judge jurisdiction. [Docket No. 118.] After Chandra declined (Docket No. 119), the matter was reassigned to the presiding judge, the Honorable Yvonne Gonzalez Rogers (Docket No. 122). Judge Gonzalez Rogers subsequently referred discovery matters to the undersigned. [Docket No. 148.] The referral specifically referred pending motions related to post-judgment proceedings to the undersigned. *Id.* The undersigned's recent orders fall within the scope of that referral. [*See* Docket Nos. 153, 170, 171, 178.]

### D. Writs Directed to Sacramento and Stanislaus Counties

In the last line of its reply, Kobo states that, "[i]n addition to the writ of execution directed to Santa Clara County (submitted at D.I. 154-1), Kobo encloses and respectfully requests issuance of writs of execution directed to Sacramento County and Stanislaus County, California, where some of Chandra's assets are located (Ex. 1)." Reply at 5. The court will not entertain requests made for the first time on reply. *See Gonzalez v. Tuvera*, No. 16-CV-02294-JST, 2022 WL 20016739, at *9 (N.D. Cal. Aug. 2, 2022) ("[N]umerous courts (including the Ninth Circuit) have concluded that it is inappropriate to consider arguments raised for the first time in a reply brief.") (cleaned up).

In any event, Kobo does not cite any authority showing that this court has jurisdiction over property in Sacramento or Stanislaus County, which are in the Eastern District of California. *See* Cal. Civ. Proc. Code § 699.510(a) ("A separate writ shall be issued for each county where a levy is to be made."); *see, e.g.*, *Xu v. Ip*, No. CV-01-01178-DLJ, 2008 WL 4534276, at *1 (N.D. Cal. Oct. 7, 2008) ("Even if the motion [for sale of a dwelling] were timely, however, this Court - sitting in the Northern District of California - lacks jurisdiction over property located in Los Angeles County."); *UA Loc. 342 Joint Lab.-Mgmt. Comm.*, 2013 WL 6073504, at *2 (finding, on application for the sale of dwelling, that "[a]lthough it appears that Plaintiffs have obtained a valid writ of execution, this court—sitting in the Northern District of California—lacks jurisdiction over property located in Placer County.") (citing *Xu*, 2008 WL 4534276, at *1). Accordingly, the court finds that writs directed to property outside the Northern District of California are improper here.

### IV. CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to enter the writ of execution directed to property in Santa Clara County, but not the writs directed to property in Stanislaus and Sacramento Counties.

**IT IS SO ORDERED.**

Dated: October 7, 2025

Donna M. Ryu
Chief Magistrate Judge