UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POP TOP CORP,<br>           Plaintiff,<br>v.<br>RAKUTEN KOBO INC.,<br>           Defendant. | Case No. 20-cv-04482-YGR (DMR)<br><br>**ORDER DENYING MOTION TO CORRECT WRIT OF EXECUTION**<br>Re: Dkt. No. 193 |

On October 8, 2025, the clerk of court issued a writ of execution in the amount of $288,534.27 as to Defendant Pop Top Corp. and Judgment Debtor Rohit Chandra. [Docket No. 187.] Chandra now moves to correct the post-judgment interest calculation and for a temporary stay of the enforcement of the writ. [Docket No. 192 (Mot.).] Judgment Creditor Rakuten Kobo, Inc. ("Kobo") filed an opposition (Docket No. 198 (Opp'n)), and Chandra filed a reply (Docket No. 199 (Reply)).

Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for disposition without oral argument. Having considered the parties' arguments, the relevant legal authority, and the record in this case, the court denies Chandra's motion.

**I.     BACKGROUND**

The court's prior orders contain a detailed history of this litigation. [Docket Nos. 121, 134, 153, 185.] As is relevant here, on June 25, 2021, the court granted summary judgment in favor of Kobo, and entered judgment accordingly. [Docket Nos. 50, 54.] On March 28, 2022, the court found that Kobo was entitled to $274,721.43 in attorneys' fees under the Patent Act and ordered Pop Top to pay Kobo within 30 days. [Docket No. 77.] Chandra was subsequently added as a judgment debtor. [Docket No. 134; *see* Docket No. 121.]

Chandra appealed the undersigned's order granting summary judgment and order awarding

1    attorneys' fees to the Federal Circuit and filed numerous motions seeking to delay execution of the
2    judgment.[1]  [Docket Nos. 67, 78, 146, 158, 161, 169.]  On June 30, 2025, Kobo requested that the
3    clerk of court issue writs of execution against Pop Top and Chandra in the amount of $288,534.27,
4    which represented a $274,721.43 judgment, plus $13,812.84 in post-judgment interest. [Docket
5    Nos. 154, 154-1, 166-1.]  Over Chandra's objections (Docket No. 164), the undersigned granted in
6    part Kobo's request for issuance of writs of execution[2] (Docket No. 185).  On October 8, 2025, the
7    clerk of court issued the writ of execution in the amount of $288,534.27.  [Docket No. 187.]

**II.    DISCUSSION**

**A.    Date of Accrual**

Chandra argues that interest only accrued on August 15, 2025, when he was added as a judgment debtor, because he was not a party prior to that point.  Mot. at 6.  Chandra's position is incorrect.

Post-judgment "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding."  28 U.S.C. § 1961(a).  "Courts have interpreted this to mean that post-judgment interest is calculated from the date of the judgment establishing the right to the award."  *Monolithic Power Sys., Inc. v. 02 Micro Int'l Ltd.*, No. C 08-4567 CW, 2012 WL 1577365, at *3 (N.D. Cal. May 3, 2012), *aff'd sub nom. Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, 726 F.3d 1359 (Fed. Cir. 2013) (cleaned up).

Federal Rule of Civil Procedure 69(a) further provides "[t]he procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the

---

[1] The Federal Circuit affirmed both orders.  [Docket Nos. 80, 82.]  On January 15, 2025, Chandra filed a third appeal of the court's order finding him to be an alter ego of Pop Top and adding him as a judgment debtor.  [Docket No. 145.]  That appeal remains pending, and the case has been submitted on the briefs.  *Pop Top Corp. v. Rakuten Kobo Inc.* ("*Pop Top III*"), Case No. 25-1392 (Fed. Cir.), Docket Nos. 44, 53.

[2] The court denied Kobo's request insofar as the writs were directed to property in Stanislaus and Sacramento Counties.  [Docket No. 185 at 6.]

2

1  procedure of the state where the court is located." *See Katzir's Floor & Home Design, Inc. v. M-*
2  *MLS.com*, 394 F.3d 1143, 1148 (9th Cir. 2004) ("This circuit has approved the use of the state
3  procedure in federal court pursuant to Federal Rule of Civil Procedure 69(a)."). In California,
4  "postjudgment interest on such awards runs from the date the amount of the fee award is fixed, not
5  from the date of the original judgment." *Lucky United Props. Inv., Inc. v. Lee*, 213 Cal. App. 4th
6  635, 651 (2013), *as modified on denial of reh'g* (Feb. 26, 2013).

7        The fee award was fixed when the court awarded Kobo attorneys' fees on March 28, 2022;
8  the date of the award did not change by when Judge Gonzalez Rogers added Chandra as a judgment
9  debtor on grounds that Chandra is the alter ego of Pop Top and had control over the litigation such
10 that his interests were virtually represented. Docket No. 134; *see McClellan v. Northridge Park*
11 *Townhome Owners Ass'n, Inc.*, 89 Cal. App. 4th 746, 752 (2001) ("[J]udgments are typically
12 "amended to add additional judgment debtors on the grounds that a person or entity is the alter ego
13 of the original judgment debtor. . . . Such a procedure is an appropriate and complete method by
14 which to bind new individual defendants where it can be demonstrated that in their capacity as alter
15 ego of the corporation they in fact had control of the previous litigation, and thus were virtually
16 represented in the lawsuit.") (cleaned up). Adding Chandra thus had the effect of treating Chandra
17 as if he had been a party from the outset of the litigation. *See Am. Samoa Gov't v. Factory Mut. Ins.*
18 *Co.*, No. B155996, 2002 WL 31555423, at *4 (Cal. Ct. App. Nov. 19, 2002) ("In other words, the
19 original judgment is amended to add the new party as if the new party was involved in the litigation
20 from the beginning.")

21       Kobo therefore correctly relied on March 28, 2022 as the accrual date when it calculated the
22 amount of post-judgment interest. *See* Opp'n at 3, 5.

23       **B.**    **Interest Rate**

24       Chandra also argues that the writ of execution does not identify the interest rate used to
25 calculate post-judgment interest. Mot. at 4 ("The filing does not specify its start date, or interest
26 rate Kobo used."). Again, this is incorrect. The June 24, 2025 memorandum of costs after judgment,
27 acknowledgment of credit, and declaration of accrued interest submitted by counsel states, "I declare
28 interest accruing at the legal rate of 1.55% on the unpaid principal amount of $274,721.43 . . . from

the date of entry or renewal and on balances from the date of any partial satisfactions (or other credits reducing the principal), remaining due in the amount of $13,812.84." Docket No. 154-1 at ECF p.5; *see* 28 U.S.C. § 1961(a); Opp'n at 3–4 (citing United States Bankruptcy Court, Southern District of California, Historical Interest Rates[3]).

The court finds no error in relying on the 1.55% interest rate or in Kobo's calculation of post-judgment interest.[4] Accordingly, there is no reason to require Kobo to file "a sworn line-item audit" regarding the writ, as Chandra requests. Mot. at 10–11.

### C. "Equitable Compensation and Costs"

Chandra's request for compensation in the amount of $9,600 for time spent "drafting, revising, and filing this motion [to correct]" (Mot. at 9) is denied. The court finds no basis to award fees and costs to Chandra because his motion lacks merit.

### D. Request to Stay Enforcement

The undersigned and Judge Gonzalez Rogers have repeatedly denied Chandra's requests to stay execution of judgment. [Docket No. 153 at 3; Docket No. 184; Docket No. 185 at 4; Docket No. 186; Docket No. 195.] So has the Federal Circuit. *Pop Top III*, Docket No. 47. Chandra provides no basis to enter a stay now.

## III. CONCLUSION

For the foregoing reasons, Chandra's motion to amend the writ of execution and his request to temporarily stay enforcement of the writ are denied.

**IT IS SO ORDERED.**

Dated: December 8, 2025

_____
Donna M. Ryu
Chief Magistrate Judge

---

[3] Available at https://www.casb.uscourts.gov/sites/casb/files/historic_rates_new.pdf.

[4] The court's interest calculation confirms Kobo's amount:
$274,721.43 (judgment) x 1.55% interest rate = $4,258.18
$4,258.18 / 365 days = $11.66 per day
$11.66 x 1,184 days (days between fee award and writ) = $13,812.84

4