UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POP TOP CORP.,<br><br>      Plaintiff,<br><br>      v.<br><br>RAKUTEN KOBO INC.,<br><br>      Defendant. | Case No. 20-cv-04482-YGR   (ASK)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SANCTIONS AND CIVIL CONTEMPT**<br><br>Re: Dkt. Nos. 200, 202, 203 |

Defendant Rakuten Kobo Inc. ("Defendant" or "Kobo") has filed a motion to hold Judgment Debtor Rohit Chandra in civil contempt and for sanctions. Dkt. No. 200 ("Motion"). Chandra has opposed. Dkt. No. 202. Kobo has replied. Dkt. No. 203. The Court grants Kobo's Motion in part and denies it in part.

## I.    BACKGROUND

Judgment has been entered against Chandra. *See* Dkt. Nos. 77, 134, 187. On January 3, 2025, Kobo served discovery requests on him and noticed a debtor examination. *See* Dkt. No. 177-1. On October 7, 2025, this Court ordered Chandra to "serve substantive responses" to the requests for production and interrogatories and to produce documents by November 7, 2025. Dkt. No. 186. It also ordered a debtor exam to take place by November 14, 2025. *Id.* Magistrate Judge Ryu (the undersigned's predecessor) and District Judge Gonzalez Rogers (the presiding judge) both notified Chandra that "failure to comply" with the Court's October 7 Order could result in "sanctions and/or a finding of contempt." *Id.*, Dkt No. 195 (collectively, the "Discovery Orders").

Chandra proceeded to not respond adequately to the discovery requests. On November 7, Chandra served responses to Kobo's requests for production and interrogatories. *See* Dkt. No. 200-5. His responses to the requests for production consisted of repeated boilerplate objections. *See id.* at 10–11. For example, he objected to the first request, for bank account records, as

"overbroad, unduly burdensome, and disproportionate"; claimed that it was "vague, ambiguous, and compound"; and asserted that "all responsive information…has already been previously disclosed or shared"—but he did not provide any substantive information in response to the request. *Id.* at 10–11. He took a similar approach to each subsequent request. *Id.* at 11–30. He did not produce any documents on November 7. Dkt. No. 200 at 8.

His responses to the interrogatories, too, were evasive, repetitive, and lacking in substance. For example, he responded to the first, about his bank accounts, by not sharing any information and instead asserting that he had already disclosed it; that Kobo already had ample discovery coverage; that Kobo's instructions were "vague, ambiguous, and compound"; and that the request "constitutes procedural abuse and overreach." *Id.* at 34–35. Subsequent answers follow the same pattern of repeating stock objections and not providing responsive information. *See id.* at 35–47.

Chandra's answers at his November 14 debtor exam were also inadequate. There, he refused to answer even basic questions. *See* Dkt. No. 200-6. He justified his evasions with a series of inapposite objections. For example, he repeatedly raised relevance objections and continued to do so after opposing counsel had told him that such objections are not allowed in depositions. *Id.* at 13–16. He stated that for all inquiries aside from "narrow non-intrusive identity questions" he would "stand on my written objections under Rule 26(b)(1) and 69(a)(2)." *Id.* at 18. He claimed that questions were "duplicative," "disproportionate and harassing," and "unduly burdensome." *Id.* at 19. And when opposing counsel pressed him about his non-responsiveness, he repeatedly said that he thought that he had "answered to the extent appropriate." *Id.*

Kobo has moved the Court to hold Chandra in contempt. Dkt. No. 200. They seek three forms of relief: first, that the Court impose on Chandra a coercive daily fine until he complies with the Discovery Orders, *id.* at 14; second, that the Court order Chandra to sit for another debtor exam, *id.* at 14–15; and, third, that the Court order Chandra to pay the attorney's fees and costs associated with Kobo's efforts to compel Chandra's compliance with discovery since the Court's entry of the Discovery Orders, *id.* at 15–16.

United States District Court
Northern District of California

## II.   LEGAL STANDARD

### A.   Civil Contempt

District courts "have inherent power to enforce compliance with their lawful orders through civil contempt." *Spallone v. United States*, 493 U.S. 265, 276 (1990) (quoting *Shillitani v. United States,* 384 U.S. 364, 370 (1966)). Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 945 (9th Cir. 2014) (quoting *In re Dual-Deck Video Cassette Recorder Antitrust Ligit.*, 10 F.3d 693, 695 (9th Cir. 1993)). The party alleging civil contempt "must demonstrate by clear and convincing evidence that (1) the contemnor violated a court order, (2) the noncompliance was more than technical or de minimis, and (3) the contemnor's conduct was not the product of a good faith or reasonable interpretation of the violated order." *Facebook, Inc. v. Power Ventures, Inc.*, No. 08-CV-05780-LHK, 2017 WL 3394754, at *8 (N.D. Cal. Aug. 8, 2017) (citing *United States v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010); *Sea Shepherd*, 774 F.3d at 945). "The burden then shifts to the contemnors to demonstrate why they were unable to comply." *FTC v. Affordable Media*, LLC, 179 F.3d 1228, 1239 (9th Cir. 1999).

### B.   Sanctions

"Federal courts have the authority to sanction litigants for discovery abuses both under the Federal Rules of Civil Procedure and pursuant to the court's inherent power to prevent abuse of the judicial process." *Network Appliance, Inc. v. Bluearc Corp.*, No. C 03–5665 MHP, 2005 WL 1513099, at *2 (N.D. Cal. Jun. 27, 2005) *aff'd*, 205 F. App'x 835 (Fed. Cir. 2006) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991); *In re Matter of Yagman*, 796 F.2d 1165, 1187 (9th Cir.1986)).

Federal Rule of Civil Procedure 37(b) provides that when a party "fails to obey an order to provide or permit discovery" a court may issue various sanctions and "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2). "The definition of 'order' in Rule

37(b) has been read broadly," *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992) (citations omitted), and "[a] district court's finding that one of its orders was violated is entitled to considerable weight," *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997) (citations and quotation marks omitted).

### III.    DISCUSSION

By not serving substantive responses to Kobo's discovery requests, Chandra has failed to obey the Court's Discovery Orders—which expressly notified him that failure to comply could result in sanctions or a finding of contempt. *See* Discovery Orders. While Mr. Chandra's conduct likely amounted to contempt, the Court need not make any such finding to resolve this Motion. "[T]he contempt power, like other inherent powers of the judiciary, must be exercised with restraint and discretion." *Sea Shepherd*, 774 F.3d at 951 (citations and quotation marks omitted).

Kobo has requested three forms of relief. The first, a coercive daily fine, is denied. The purpose of such fines is to coerce future compliance. *See N.L.R.B. v. Ironworkers Loc. 433*, 169 F.3d 1217, 1222 (9th Cir. 1999). But coercing Chandra to comply with additional discovery does not make sense at present. The purpose of the discovery was to provide Kobo with the information it needed to identify Chandra's assets. Given that Kobo has moved the Court to order liquidation of certain assets whose value is sufficient to satisfy the judgment, Dkt. No. 217, it appears that Kobo has since obtained the information it requires. Until the Court rules on that motion, further discovery is unnecessary. The second form of requested relief, to order Chandra to sit for another deposition, is denied for the same reason.

As to the third form of relief, the Court grants the Motion and orders Chandra to pay Kobo's reasonable expenses relating to bringing the Motion. The Court awards these fees not as a contempt sanction but as a discovery sanction. Because the Court has found that Chandra failed to obey its Discovery Orders, under Rule 37(b) it must order him to pay the reasonable expenses

United States District Court
Northern District of California

4

caused by his failure. *See* Fed. R. Civ. P. 37(b)(2). The Court accordingly orders Chandra to pay Kobo for its reasonable attorney's fees and other costs associated with bringing the instant Motion.

**IT IS SO ORDERED.**

Dated: March 5, 2026

_____

AJAY KRISHNAN
United States Magistrate Judge

United States District Court
Northern District of California

5