UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

POP TOP CORP,

Plaintiff,

v.

RAKUTEN KOBO INC.,

Defendant.

Case No. 20-cv-04482-YGR   (ASK)

**ORDER GRANTING IN PART AND DENYING IN PART JUDGMENT DEBTOR'S MOTION TO QUASH LEVY; GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR ORDER AUTHORIZING LIQUIDATION; AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR ATTORNEY'S FEES**

Re: Dkt. Nos. 209, 217, 227

This Order addresses three motions: Judgment Debtor Rohit Chandra's Motion to Quash Levy and Restraint of Non-Debtor Trust Assets, Dkt. 209 ("Motion to Quash"); Defendant Rakuten Kobo's ("Kobo") Motion for Order Authorizing Liquidation of Judgment Debtor's Securities, Dkt. 217 ("Motion for Liquidation"); and Kobo's Motion for Attorney's Fees and Payment from Proceeds of Liquidation of Judgment Debtor's Securities, Dkt. 227 "(Motion for Attorney's Fees").

For the reasons set forth below, the Court denies Chandra's Motion to Quash; grants in part and denies in part Kobo's Motion for Liquidation, in accordance with Section IV, *infra*; and grants in part and denies in part Kobo's Motion for Attorney's Fees, in accordance with Section IV, *infra*.

## I.    BACKGROUND

The Court does not summarize this case's extensive history. What is relevant here is that the Court entered a judgment against Chandra four years ago, Dkt. 77, and that the Court more recently ordered Chandra to pay Kobo additional fees as a discovery sanction, Dkt. 233. Kobo has

effectuated a levy against certain of Chandra's assets held by Charles Schwab & Co., Inc. ("Schwab"). Dkt. 217 at 4; *see also* Dkt. 217, Ex. 1 ("Memorandum of Garnishee").

## II.    LEGAL STANDARD

The procedure on execution of a money judgment "must accord with the procedure of the state where the court is located…." Fed. R. Civ. P. 69(a)(1); *see also Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 677 (9th Cir. 2017) ("Under Federal Rule of Civil Procedure 69, district courts enforce money judgments in accordance with the procedures of the states where they are located."). Under California law, which applies here, "[e]xcept as otherwise provided by law, all property of the judgment debtor is subject to enforcement of a money judgment." Cal. Civ. Proc. Code § 695.010; *see also Ho v. Hsieh*, 181 Cal. App. 4th 337, 345, 105 Cal. Rptr. 3d 17, 22 (2010).

## III.    DISCUSSION

### A.    Chandra's Motion to Quash

Chandra argues in his Motion to Quash that the Schwab levy is prohibited by California law. Motion to Quash at 1. He bases this argument on California Code of Civil Procedure Section 700.160(a), which reads as follows:

> Except as provided in subdivision (b), a deposit account or safe-deposit box standing in the name of a person other than the judgment debtor, either alone or together with third persons, is not subject to levy under Section 700.140 or 700.150 unless the legal process served on the third party includes a court order authorizing the levy.

Cal. Civ. Proc. Code § 700.160(a). Chandra asserts that the Wazoo Kalamazoo Living Trust, of the levied trust accounts, "is a separate title holder and non-debtor third party." Dkt. 209 at 3. He argues that because Kobo did not obtain a court order authorizing the levy placed on those accounts, the levy violates subsection (a). *Id.*

> Chandra's argument does not account for subsection (b), which provides that:
> A court order is not required to levy on a deposit account or safe-deposit box standing in the name of any of the following:
> (1) The judgment debtor, whether alone or together with third persons….

Cal. Civ. Proc. Code § 700.160(b). Schwab's Memorandum of Garnishee indicates that the levied Wazoo Kalamazoo Living Trust accounts are maintained in Chandra's name. *See* Dkt. 217, Ex. 1.

2

The Court therefore finds that these accounts fall within subsection (b)(1) and are accordingly not subject to subsection (a)'s requirement that a levy be authorized by court order. The levy was proper, and Chandra's Motion to Quash is denied.

### B.    Kobo's Motion for Liquidation

The Court grants Kobo's Motion for Liquidation to the extent specified in Section IV, *infra*. Some of Chandra's arguments opposing liquidation are unavailing. For example, his objection premised on California Code of Civil Procedure Section 700.160(a) fails for the reasons explained above. *See* Dkt. 226 at 7–8; Section III(a), *supra*.

Chandra also argues that under California Code of Civil Procedure Section 704.115(b), which protects certain retirement accounts, his Roth IRA account is shielded from collection. Dkt. 226 at 8, 11. But subsection (e) of that statute provides that such accounts "are exempt only to the extent necessary to provide for the support of the judgment debtor when the judgment debtor retires and for the support of the spouse and dependents of the judgment debtor, taking into account all resources that are likely to be available for the support of the judgment debtor when the judgment debtor retires." Cal. Civ. Proc. Code § 704.115(e)(1). In addition to the hundreds of thousands of dollars of holdings in Chandra's non-retirement brokerage accounts, he also "owns at least eight real properties" exceeding $5.2 million in combined value, Dkt. 217 at 3, suggesting that Chandra's IRA is not necessary to support him, his spouse, or his dependents in retirement. And, in any case, he has made no such showing. His IRA is subject to collection. *See Bagby v. Davis*, 118 Cal. App. 5th 652, 341 Cal. Rptr. 3d 679 (2026), *reh'g denied* (Mar. 6, 2026) (affirming that IRA accounts were not exempt from collection where debtor made no showing that they were necessary to support him, his spouse, or his dependents).

Other issues Chandra raises are not relevant at this stage of the litigation. *See* Dkt. 226 at 11–22. He argues, for example, that since at least 2023 Kobo has consistently overreached, acted in bad faith, told a "litany of lies," knowingly withheld files, engaged in a smear campaign against him, created a "coercive and hostile environment," pursued "predatory discovery," and made "[o]ngoing [m]isrepresentations." *Id.* at 12–18. The District Judge in this matter and the undersigned's predecessor Magistrate Judge have repeatedly found these and similar arguments to

United States District Court
Northern District of California

be meritless. *See, e.g.*, Dkts. 170, 171, 184, 195. Chandra's allegations that there has been a "collapse in judicial neutrality" and that the Court has "denigrat[ed]…his efforts to defend his rights," Dkt. 226 at 18–22, are refuted by the thoroughness of the Court's treatment of Chandra's concerns across the four years since judgment was entered. *See, e.g.*, Dkt. 170.

Chandra's remaining objections have been resolved by the contents of Part IV, *infra*. For instance, Chandra objects to the inclusion of Kobo's proposed "additional costs," Dkt. 226 at 9, *see* Dkt. 217-5 at 3, which language the Court has excised from its order. The Court has structured Section IV to accommodate, where appropriate, Chandra's stated preferences for the sequence and form of liquidating his assets, to the extent that doing so would not impede Kobo's legitimate rights.

### C.    Kobo's Motion for Attorney's Fees

The Court has already found that Chandra must pay Kobo's attorney's fees associated with bringing its Motion for Sanctions, Dkt. 200. Dkt. 233 at 4–5. "A district court begins its calculation of fees by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate." *Mitchell Eng'g v. City & Cnty. of San Francisco*, No. C 08-04022 SI, 2011 WL 1431511, at *2 (N.D. Cal. Apr. 14, 2011) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 436, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). "In determining the appropriate number of hours to be included in [this] lodestar calculation, the district court should exclude hours that are excessive, redundant, or otherwise unnecessary." *Id.* (quoting *Hensley,* 461 U.S. at 434) (internal quotation marks omitted).

The Court awards $29,948.79 in attorney's fees. It calculated this sum according to the lodestar method based on the hours worked by Kobo's counsel as reflected in the redacted billing statements that Kobo filed, Dkt. 242, as well as in the corresponding unredacted billing statements that Kobo submitted to the Court contemporaneously. The hourly rates of the attorneys were reasonable. Moreover, based on its analysis of these submissions, the Court reduced Kobo's $34,971.02 fees demand, Dkt. 227-3 at 5, by over $5,000, as a result of excessive argument preparation time and for having multiple partners oversee the same project, for reasons stated on the record at the March 25, 2026, hearing, Dkt. 244. While one could quibble with other billing

entries on the margins, Kobo's remaining overall fees are eminently reasonable, including because Kobo included in its fees request a 23.5% fee reduction—reflecting a discount that Kobo in fact received from its lawyers but which Kobo was not obligated to extend to Mr. Chandra. *See id.* at 5–6. The resulting fee award of $29,948.79 is reflected in Section IV, *infra*. Mr. Chandra's other objections to Kobo's claimed fees are overruled for the reasons given at the Court's March 25 and April 2 hearings. Dkts. 244, 247.

## IV.   ORDER

For the reasons set forth above, the Court ORDERS AS FOLLOWS:

1.     Schwab shall deliver to the United States Marshals Service any cash and shall liquidate, in a commercially reasonable manner, any assets, whether securities, bonds, or otherwise (the "Holdings"), held in the accounts listed below, and shall deliver the proceeds of such liquidation (the "Proceeds") to the United States Marshals Service in an amount sufficient to satisfy: (i) the amount due under the Order Awarding Attorney's Fees dated March 28, 2022 (the "Original Judgment") and the Writ of Execution related thereto (Dkts. 77, 187), which, inclusive of post-judgment interest, totals $291,825.21 as of April 2, 2026, plus per diem interest accruing on the Original Judgment at the daily rate of $11.67 from April 2, 2026, through the date of liquidation as directed by this Order; (ii) plus additional attorney's fees in the amount of $29,948.79 (collectively, the "Total Judgment Amount").

2.     Schwab is directed and authorized to deliver cash and liquidate Holdings in the following sequence until sufficient Proceeds are generated to satisfy the Total Judgment Amount:

(i)   first, all existing cash in account xxxx-4543 (living trust brokerage account maintained in the name of Rohit Chandra as trustee of the Wazoo Kalamazoo Living Trust); and

(ii)   second, all existing cash in account xxxx-6577 (living trust brokerage account, maintained in the name of Rohit Chandra as trustee and grantor of the Wazoo Kalamazoo Living Trust); and

(iii)   third, COST (Costco) holdings in account xxxx-6577 (living trust brokerage account, maintained in the name of Rohit Chandra as trustee and grantor of the

United States District Court
Northern District of California

Wazoo Kalamazoo Living Trust).

3. If cash and Proceeds of liquidation pursuant to paragraph 2 hereof are insufficient to satisfy the Total Judgment Amount, Schwab is directed and authorized to deliver to the U.S. Marshals any cash and liquidate sufficient Holdings in the following accounts:

(i) account xxxx-5504 (individual brokerage account maintained in the name of Rohit Chandra);

(ii) account xxxx-4543 (living trust brokerage account maintained in the name of Rohit Chandra as trustee of the Wazoo Kalamazoo Living Trust);

(iii) account xxxx-6577 (living trust brokerage account, maintained in the name of Rohit Chandra as trustee and grantor of the Wazoo Kalamazoo Living Trust);

(iv) account xxxx-5929 (living trust brokerage account, maintained in the name of Rohit Chandra as trustee and grantor of the Wazoo Kalamazoo Living Trust.

Delivery of cash and liquidation of Holdings pursuant to Paragraph 3 hereof shall proceed in the following sequence: (i) first, delivery and application of any cash in the accounts, in the order listed above; (ii) second, liquidation of Holdings, commencing with positions having the highest aggregate value among those with an aggregate value of less than $1,000,000; and (iii) third, liquidation of any remaining Holdings, until sufficient Proceeds have been obtained to satisfy the Total Judgment Amount.

4. If cash and Proceeds of liquidation pursuant to paragraphs 2 and 3 hereof are insufficient to satisfy the Total Judgment Amount, Schwab is directed and authorized to deliver to the U.S. Marshals any cash and liquidate sufficient Holdings in the following accounts:

(i) account xxxx-0245 (designated beneficiary joint brokerage account maintained in the names of Rohit Chandra and Leena Johal Chandra).

(ii) account xxxx-3793 (Roth Contributory IRA maintained in the name of Rohit Chandra).

Delivery of cash and liquidation of Holdings pursuant to Paragraph 4 hereof shall proceed in the following sequence: (i) first, delivery and application of any cash in the accounts, in the order listed above; (ii) second, liquidation of Holdings, commencing with positions having the highest

United States District Court
Northern District of California

aggregate value among those with an aggregate value of less than $1,000,000; and (iii) third, liquidation of any remaining Holdings, until sufficient Proceeds have been obtained to satisfy the Total Judgment Amount.

5.    Once Proceeds sufficient to satisfy the Total Judgment Amount have been delivered to the U.S. Marshals, Schwab is directed to lift the levy and all other restraints from Chandra's accounts. Additionally, Kobo is directed to share with Chandra all documentation that it receives from Schwab with respect to the withdrawal of funds.

**IT IS SO ORDERED.**

Dated: April 6, 2026

_____
AJAY KRISHNAN
United States Magistrate Judge

United States District Court
Northern District of California

7